WARWICK HOUGH and SAMUEL J. BEALS, Receiver of the Sioux City & Northern Railroad Company, v. JOHN GEAREN, Appellant.

**Checks:** TIMELY PRESENTMENT. A check which, after passing through the hands of several holders was placed in a bank for collection two days after its date, and by such bank, on the same day, forwarded to the drawee for payment, which received it the day following, was presented for payment in due time to bind the indorsers.

EVIDENCE. Where it appeared that on a certain day a bank mailed a check to its drawee for payment, and that the place of payment of such drawee was only one and one-half miles from that of the bank, and four mail trains ran daily between such points, a conclusion that the drawee received the check not later than the next day is justifiable, though the cashier of the latter testified, inferentially, that it was not received until late on the second day thereafter.

**Objection Below.** The supreme court will not consider objections to
questions not presented to the trial court.

**SAME.** That a check "was not protested as required by law" and
that no notice of dishonor was given in proper time or manner,
does not present absence of protest or notice as an issue.

*Appeal from Woodbury District Court.*—HON. JOHN F.
OLIVER, Judge.

THURSDAY, JANUARY 18, 1900.

ACTION at law to charge the defendant as indorser of
a check drawn to his order by the Northern Building Com-
pany on the Citizens' Bank, South Sioux City, Nebraska,
and which was not paid by said bank on presentation. The
defendant pleads that the reason for nonpayment was "that
plaintiffs had negligently retained said check for several
days, and failed to present the same to the bank on which
it was drawn within a reasonable time after it was delivered
to them." In an amendment to his answer, the defendant
alleges "that if said check was presented for payment, and
payment refused, as alleged in plaintiff's petition, the said
check was not protested as required by law, nor was this
defendant given notice in the proper manner, and within
the proper time, of the dishonor of said check." The case
was tried to the court, and judgment rendered in favor of
the plaintiffs for the amount of the check and interest. The
defendant appeals.—*Affirmed.*

*Sullivan & Griffin* for appellant.

*Wright, Call & Hubbard* for appellees.

GIVEN, J.—I. On the thirtieth day of July, 1895, the
Northern Building Company delivered to defendant its check
for one hundred dollars on the Citizens' Bank of South
Sioux City, Nebraska, payable to the order of the defend-
ant, in payment of an indebtedness to him. On July 31,

1895, the defendant, at Sioux City, Iowa, indorsed said check in blank, and delivered the same to the plaintiffs in payment of an indebtedness to them. On the same day, and at the same place, the plaintiffs, for value, indorsed and delivered said check to L. G. Everist, who on said day, and at said place, indorsed the same, and delivered it to the Security National Bank of Sioux City, Iowa, for collection. This bank forwarded the check by mail to said Citizens' Bank for payment. Said Citizens' Bank closed its doors and suspended business about 4 o'clock P. M., Saturday, August 3d, and it was taken possession of by the bank examiner of Nebraska, and the check returned by him to the Security National Bank without being paid, on Monday, August 5th, and by said bank it was returned to Mr. Everist. Mr. Everist returned it to his immediate indorsers, the plaintiffs, on receiving payment from them of the amount thereof. The one fact in dispute is as to when the check was forwarded to the Citizens' Bank for payment. The plaintiffs claim that it was forwarded by mail on the first day of August, while the defendant contends that it was not received until the third or fifth of that month. The evidence shows quite satisfactorily that the check was indorsed and delivered by Mr. Everist to the Security National Bank on the first day of August, and the letter of that bank transmitting the check for payment bears that date. South Sioux City, Nebraska, is only about one and one-half miles distant from Sioux City, Iowa, and four trains carry mail between these cities each day. Mail carried to South Sioux City by the latest train in the day would not be received at the Citizens' Bank until after banking hours, and it sometimes happened that mail matter for South Sioux City was carried by and returned by the next day's mails. The testimony of the cashier of the Citizens' Bank tends to show that the check was not received at that bank until after it closed its doors and quit business. He does not speak from any personal recollection as to the time when the check was

received, but states circumstances from which it might be inferred that it was not received until later in the day of August 3d. We think this inference should not prevail, as against satisfactory evidence that the check was mailed on August 1st. The affairs of the Citizens' Bank for the few days preceding its suspension of business were evidently not receiving the prompt attention that was ordinarily given to them. We think the conclusion is warranted from the evidence that this check was received by the Citizens' Bank not later than the second day of August, and that the failure to pay the same was by oversight and neglect, in consequence of the anticipated suspension of business. The learned district judge was warranted in finding that the check was presented for payment in due time.

II. Defendant contends that he is not liable on his indorsement for the reason that "the check was not protested, nor was notice of dishonor given to the indorser." The record fails to show that such a claim was made on the trial, and it is evident that the case was tried solely on the issue as to whether the check was presented for payment within the time required. Plaintiffs did not allege protest or notice of nonpayment, and the defendant did not demur, but answered, not that there was no protest or notice, but that the "check was not protested as required by law, nor was this defendant given notice in the proper manner, and within the proper time, of the dishonor of said check." If it is true, as now contended, that protest and notice, or notice without protest, was necessary to show a right of action in the plaintiffs, the defendant could have raised this question by demurrer. No evidence was offered as to either protest or notice. No motion was made for a new trial on this or any other ground, and, so far as appears, the claim that protest and notice, or notice without protest, was necessary to render the defendant liable, was never brought to the attention of the trial court. It first appears in the assignments of error. This court has many times held

that it will not consider objections or questions that were not presented to the court below. See *Boyd v. Watson,* 101 Iowa, 214; *Weis v. Morris Bros.* 102 Iowa, 328. In *Reed v. City of Muscatine,* 104 Iowa, 186, it was claimed that, under chapter 96, Acts of the Twenty-fifth General Assembly, providing that "no pleading shall be held sufficient on account of a failure to demur thereto," it was not necessary to raise the question in the trial court. This court said: "We have heretofore held, in at least two cases, that, notwithstanding the provisions of this act, questions not made in the court below will not be considered on appeal." Our conclusion is that the defendant is not entitled to have his claim as to notice and protest considered on this appeal, and upon the whole record the judgment should be AFFIRMED.

GRANGER, C. J., not sitting.