NICK STELPFLUG, Appellant, v. P. R. WOLFE and KATE WOLFE, Defendants and Appellees; WM. J HARTMAN and GEORGE H. JACKSON, Interveners.

**Pleadings:** WAIVER OF OBJECTION. Where a case is tried on the theory that the right to equitable relief was the sole issue, a technical objection that the pleadings were insufficient to authorize such relief, is waived.

**Reformation of instruments.** Equity will reform a contract to make its legal effect correspond with the intention of the parties as disclosed by their negotiations, though the evidence fails to make a clear case of fraud, accident or mistake.

**Evidence:** EXAMINATION BY COURT. In the trial of an equity action, prejudice will not be presumed from a vigorous cross examination of one of the parties by the trial judge, where it did not appear that the party was thereby induced to testify to anything but the truth as he understood it.

*Appeal from Pocahontas District Court.*—HON. W. B. QUARTON, Judge.

WEDNESDAY, APRIL 5, 1905.

THIS action was originally brought at law to replevin certain furniture and fixtures used by the defendants Wolfe and wife in conducting a hotel as tenants of the plaintiff. The interveners, Hartman and Jackson, claimed title to the property under a written contract with plaintiff, conveying to them the hotel premises in exchange for other property, and asked that the written contract be so reformed in equity as to cover the furniture and fixtures on the hotel premises. The case was transferred to the equity docket; and on a trial

the court reformed the instrument so as to cover the furniture and fixtures.    Plaintiff appeals.—*Affirmed.*

*Heald & Ralston,* for appellant.

*John A. Senniff* and *Wm. Hazlett,* for appellees.

McCLAIN, J.—Counsel for appellant now argue that the pleadings did not justify the granting of equitable relief to the interveners as against plaintiff.   But the case was tried throughout on the theory that the right of interveners to equitable relief was the sole question in the case, and it is too late to raise any technical objection to the sufficiency of the pleadings.   *Enix v. Iowa Cent. R. Co.,* 114 Iowa, 508; *Hough v. Gearen,* 110 Iowa, 240; *Lacy v. Kossuth County,* 106 Iowa, 16.

The contract of plaintiff relied on by interveners, transferred to them " the hotel property and lot now owned by " plaintiff " at the agreed consideration of $2,500, subject to a mortgage of $600"; and the sole controversy in this case is whether, conceding that this description conveys the real property only, and not the furniture and fixtures used in conducting the hotel, it was the intention of the parties that the furniture and fixtures should pass to the interveners under the contract.   We have examined the evidence, and have reached the conclusion that it clearly and satisfactorily establishes the contention of interveners.   Counsel for appellant urge that the evidence does not make out a case of fraud, accident, or mistake such as to entitle interveners to relief in equity.   But in this State it is well settled that equity will grant relief for the purpose of making the legal effect of the instrument correspond to the express intention of the parties as disclosed in their negotiations.   *Hausbrandt v. Hofler,* 117 Iowa, 103; *Conner v. Baxter,* 124 Iowa, 219; *Bottorff v. Lewis,* 121 Iowa, 27; *Hopwood v. McCausland,* 120 Iowa, 218; *Brown v. Ward,* 119 Iowa, 604.

Complaint is made of the action of the trial judge in a rigorous and somewhat drastic cross-examination on his own account of the plaintiff as a witness. If the trial had been to a jury, the method pursued by the judge would have been highly objectionable, as indicating to the jury great incredulity as to the truthfulness of the statements made by the witness, and therefore as indicating the views of the judge as to the weight of the evidence. But we are unable, under the record, to reach the conclusion that the judge induced the plaintiff to testify to anything beyond the truth as he actually understood it; and therefore we cannot see how any prejudice to the plaintiff can be presumed to have resulted from the court's action.

The decree of the trial court is therefore *affirmed*.