PROVIDENT TRUST COMPANY, Appellant, v. OLAF M. TWEDT et al., Appellees; E. H. DACK et al., Interveners, Appellants.

**REFORMATION OF INSTRUMENTS:** Right of Action—Legal Effect of Language.  Principle reaffirmed that reformation of an instru-

ment will be granted when the *legal* effect of the language deliberately used by the parties fails to express the mutual intent of the parties.

*Appeal from Emmet District Court.*—N. J. LEE, Judge.

## DECEMBER 11, 1923.

ACTION in equity for specific performance. The defendant Olaf M. Twedt filed a cross-petition, praying reformation of the contract so as to incorporate a clause therein relieving him from liability for the payment of the past due installment to compel the payment of which this action was commenced, and from all further liability on the contract. The court dismissed plaintiff's petition, and entered a decree in harmony with the prayer of the cross-petition. Plaintiff and E. H. and Myrtle Dack, interveners, appeal.—*Affirmed.*

*A. A. Herrick* and *Heald, Cook & Heald,* for appellants.

*Shepard & Forbes, E. A. Morling,* and *Morse & Kennedy,* for appellees.

STEVENS, J.—This is an action for specific performance, to compel the payment of a past due installment and interest on a contract to purchase real property. The action was originally commenced by the appellant Provident Trust Company against the appellees, Olaf M. Twedt and Charles H. Meyer. Later, the appellants E. H. and Myrtle Dack intervened, uniting in the prayer of the petition. Except as it relates to the issue tendered by the cross-petition of Twedt, asking reformation of the contract, the evidence is without material dispute. On February 3, 1920, appellee Twedt and the appellants E. H. and Myrtle Dack entered into a contract in writing for the purchase and sale of a farm of 504.68 acres in Emmet County, Iowa. At the time this contract was entered into, Dack had a contract for a deed with Twedt and L. P. Stillman, but, on March 1st, Twedt, who held the legal title, executed a deed, conveying the same to Dack. The consideration expressed in the contract was $136,263.60. Of this consideration, $2,000 was paid at the time

of the execution of the contract, and $6,000 on March 1, 1921, by Twedt. On March 2, 1921, Twedt in writing assigned the contract to Charles H. Meyer. This assignment was accepted in writing by both Charles H. Meyer and Mary K. Meyer, his wife. On August 22, 1921, the appellants E. H. and Myrtle Dack in writing assigned their interest in the contract to the appellant Provident Trust Company, to secure the payment of an indebtedness of $3,000 which they were owing to said assignee. Default having been made in the payment of the installment of $3,000 due on the purchase price on March 1, 1922, this action was commenced, to compel the payment thereof. Twedt filed answer, admitting the execution of the contract, and, by way of cross-petition, alleged that it was the mutual understanding and agreement of the parties, at the time of the execution of the contract, that, upon the payment of the $2,000 required to be paid at the time of its execution, and $6,000 on March 1, 1921, he was to be released from all further obligations or liability on the contract; that, to accomplish this purpose, the words ''or his assigns'' were written immediately after his name in the contract; and that all of the parties at the time understood and believed that such would be the legal effect of the contract, as thus written. He asked that it be so reformed as to express the true intention of the parties.

The contract involved in this action was dictated by L. P. Stillman, cashier of the Dolliver Savings Bank, in whose office the contract was signed, to Eleanor Tenjum, the bank's stenographer, from a memorandum made by him from the oral statements of the parties made in the presence of Twedt, E. H. and Myrtle Dack, and one Gronstal, an employee of the bank. Meyer was not present at the time of this transaction. Some time before this date, Twedt had entered into a contract in writing with the appellee Charles H. Meyer, for the purchase of a 120-acre tract owned by him. Twedt first sought to induce Dack to sell the 500-acre tract directly to Meyer, and accept a deed of the 120 acres in satisfaction of the initial payment on the purchase price, and to pay him a commission. Dack, according to the testimony of Twedt, refused to consider this proposition, giving as a reason that he must have at least $8,000 in cash on March 1, 1921, to meet an obligation at the bank. As already

stated, Twedt, in writing, on March 2, 1921, assigned his interest in the Dack contract to Meyer. The consideration for this assignment was the conveyance by Meyer to Twedt of the 120-acre tract subject to the incumbrances thereon.

The memorandum made by Stillman, by the aid of which he dictated the contract to the bank's stenographer, is set out in full in the abstract, and, in a brief way, mentions all of the principal matters to be covered by the contract, including the following:

"Clause to provide for that Twedt can assign contract to Chas. H. Meyer on 3-1-1921 or when payment due 3-1-21 is paid, without recourse on Twedt. (or his assigns)."

This clause was not inserted in the contract, but the words "or his assigns" were inserted therein after Twedt's name, making it read, "Olaf M. Twedt or his assigns," or "second party or his assigns." Twedt testified that, at the time of the negotiations between himself and Dack for the purchase of the 500-acre tract, it was orally agreed that the contract, when executed, should provide that Twedt might, upon the payment of $8,000,—$2,000 at the time of the execution of the contract, and $6,000 on March 1, 1921,—assign the same to Meyer, and that, upon making such payment to Dack and assignment to Meyer, he should be released and discharged from all further liability on the contract; that, at the time, he explained to Dack that, to accomplish this purpose, it would be necessary that the words "or his assigns" be inserted in the contract immediately after his name; that Dack agreed that the contract might be so drawn. He further testified that this oral agreement was again talked over in the bank at the time the contract was executed. His testimony as to what was said at the bank is corroborated by all of the other parties present, except Dack and his wife, who denied that anything was said about the matter at that time. Dack also denied that anything was said by Twedt to him about Meyer as a purchaser of the farm, or about the assignment of the contract at any time or place, prior to its execution, and further testified that he first learned that it had been assigned to Meyer, or that he contemplated purchasing the farm, long after February 3, 1920. Some question is made by counsel for appellants, in oral argument, as to the sufficiency of the

identification of the memorandum offered in evidence. The record does not directly disclose that it was identified by Stillman, but this may be implied from what the record does show.

But one question is presented for decision, and that is: Shall the contract be reformed so as to relieve Twedt from further liability on the contract, it being conceded that the payments required by the contract at the time of its execution and on March 1, 1921, had been made? We need not set out the evidence in detail. Suffice it to say that, in our opinion, it fully sustains the contention of appellees that the parties understood and agreed that the contract should be so drawn as to permit appellee Twedt to assign the contract to Meyer at any time after $8,000 was paid to Dack on the contract, and that, upon making such assignment, he was to be relieved from further liability, and that the words "or his assigns" were written in the contract under the belief that such was the legal effect thereof.

It is, of course, manifest from the foregoing statement that the mistake of the scrivener, if any, was not so much the omission of something from the contract as it was a mistake as to the legal effect of the language used. Notwithstanding the denial of the Dacks, we are firmly convinced that the contract fails to express the true agreement and intention of the parties. Twedt had been told by another real estate man that, if he desired to be relieved from liability upon the assignment of a contract to purchase land, he should have the words "or his assigns" inserted in the contract after his name. This explains the insertion of these words in the contract, instead of a clause clearly expressing the real intention of the parties. It is well settled in this state that, although the language of a contract may have been selected by the parties, nevertheless, if it fails to express, or if it defeats, their mutual intention and agreement, it may be reformed in equity. *Lee & Jamieson v. Percival,* 85 Iowa 639; *Hopwood v. McCausland,* 120 Iowa 218; *Brown v. Ward,* 119 Iowa 604; *Stelpflug v. Wolfe,* 127 Iowa 192. This rule applies in the absence of fraud.

Appellants cite numerous decisions of this court which they argue announce a contrary doctrine. They are *Inman Mfg. Co. v. American Cereal Co.,* 133 Iowa 71; *Healey v. Tyler,* 150 Iowa 169; *Cedar Rapids Nat. Bank v. Carlson,* 156 Iowa 343; *Compto-*

*graph Co. v. Burroughs Add. Mach. Co.,* 179 Iowa 83; *County of Pocahontas v. Katz-Craig Contr. Co.,* 181 Iowa 1313; *Walker & Bros. v. Manning,* 6 Iowa 519; *Congower v. Equitable Mut. L. & Endow. Assn.,* 94 Iowa 499; *Rouss v. Creglow,* 103 Iowa 60; *Field v. Eastern B. & L. Assn.,* 117 Iowa 185; *Peterson v. Modern Brotherhood,* 125 Iowa 562. None of these cases are in point, as a careful reading thereof will disclose. They involve either questions arising out of the parol-evidence rule, or out of the application of Section 4617 of the Code. The evidence is overwhelming that the parties undertook to have the contract so drawn as to permit Twedt to assign it to Meyer after March 1, 1921, and after the payment of $8,000 to Dack, and to be relieved thereafter from further liability thereon. This is true, notwithstanding proof of circumstances which, if the evidence in favor of appellees were less conclusive, might have a material bearing to the contrary.

The decree of the court below is right, and should be affirmed. It is so ordered.—*Affirmed.*

PRESTON, C. J., DE GRAFF and VERMILION, JJ., concur.