WHITAKER v. SIGLER.

1. **Evidence:** DEPOSITION: OBJECTION TO. An objection to a deposition in general terms, which fails to specify the particular part objected to, will not be sustained.

2. **Pleading:** RECOVERY OF PERSONAL PROPERTY: SURPLUSAGE. In an action for the recovery of personal property wherein both parties claim title, and defendant denies plaintiff's right of possession, an averment by the former of his source of title is surplusage.

3. **Mortgage:** SALE WITHOUT ADVERTISING. Where a chattel mortgage provides that the mortgagee may take possession of the property, advertise and sell it, and he sells without advertising, the representative of the mortgagor cannot, for that reason, demand that the sale be set aside.

4. **Costs:** APPORTIONMENT OF. Where, in an action of replevin, the property consists of distinct articles, and there is a recovery for a part only, it is competent for the court to make an equitable apportionment of the costs.

*Appeal from Clark District Court.*

FRIDAY, OCTOBER 20.

THIS is an action for the recovery of two horses, a buggy and two sets of harness. The plaintiff claims that he is entitled to the possession of said property as administrator of Matthew Bunbury, deceased; and alleges that said deceased was the absolute owner and entitled to the possession thereof at the time of his death.

The defendant claims to be the absolute owner and entitled to the possession thereof, and also denies plaintiff's right to the possession.

There was trial to the court, and judgment for the plaintiff for the value of one set of harness and for the defendant as to the other property in question. Plaintiff appeals.

*Chancy & Temple*, for appellant.

*Stuart Bros.* and *Karr & Stivers*, for appellee.

ROTHROCK, J.—I. Matthew Bunbury was a resident of Waterloo, Iowa, and with a view to a change of residence and busi-

ness, he, with his minor son, went to Corning, Adams county, with the property in question, to engage in the livery business. In about three weeks after his arrival at Corning he died, and the son telegraphed to Edward Bunbury, brother of the deceased, at Niles, Michigan, who went to Corning, took possession of the property in controversy and sold it to defendant, one Wagoner acting for defendant in the purchase.

The plaintiff was not examined as a witness. The defendant offered in evidence the deposition of Edward Bunbury, through 1. EVIDENCE: whom he obtained title to the property in contro-deposition: objection to. versy. Plaintiff objected to the deposition as "incompetent, immaterial and irrelevant." This general objection was overruled, and the deposition was introduced in evidence, to which plaintiff excepted.

The deposition was inadmissible in evidence only so far as the facts therein contained consisted of personal transactions or communications between the witness and Matthew Bunbury, deceased. Code, Sec. 3639. In all other respects it was competent evidence. The objection being general, the action of the court in overruling the same was not erroneous. The objection should have pointed out the part of the deposition which was objectionable. It is proper to say that much of the deposition was not vulnerable to any objection.

II. The answer alleges that the defendant purchased the property of one Wagoner; the evidence showed that the pur-2. PLEADING: chase was made from Edward Bunbury through recovery of personal Wagoner. After the evidence was all introduced property: sur-plusage. the defendant offered an amendment to his answer, alleging that he bought the property of Bunbury through said Wagoner, and took an assignment of a chattel mortgage held by Bunbury on the horses in question. This amendment was not verified. Objection was made to it for the reason that it was not verified and that it was immaterial. The court overruled the objection as to the want of verification, and sustained it on the ground of immateriality.

We are inclined to think the ruling that the amendment was immaterial was correct. As both parties were claiming title, and the defendant was also disputing plaintiff's

right of possession, it was not necessary for the defendant to plead his source of title, as that he acquired the property by gift or purchase from any particular person, or that he manu-factured the harness and buggy or raised the horses. The averment in the original answer, being surplusage, should have been treated as immaterial.

III. To sustain the issue on his part, defendant introduced a chattel mortgage on the horses, executed by Matthew Bun-**3. MORTGAGE: sale without advertising.** bury, deceased, to Edward Bunbury, and by the latter assigned to A. Wagoner. It is shown that Wagoner bought for the defendant.

The mortgage was made in Black Hawk county, and there recorded, and the property was removed to Adams county. The mortgage provides that should the said Matthew Bunbury remove said property out of Black Hawk county, or should the said Edward Bunbury, at any time, deem himself unsafe, then said Edward or his assigns should have the right to take said property, advertise and sell the same, etc.

In an action for the recovery of specific personal property, the plaintiff must recover on the strength of his own title, and not on the weakness of that of his adversary. It was the right of Edward Bunbury to take possession of this property, and for failure to advertise it for sale an action for its recovery will not lie either against him or his assignee. If plaintiff desired to reach any surplus in value after paying the mort-gage, his remedy was either to redeem or by some proper proceeding compel a sale in accordance with the terms of the mortgage.

He cannot in this proceeding ignore the mortgage and demand an unconditional return of the property. In our judgment there was no error in allowing the mortgage to be introduced in evidence.

IV. It is urged by the plaintiff that the judgment as to the buggy and harness is against the evidence. It is conceded that this part of the property was sent by Edward Bunbury from Michigan to his brother Matthew. There is no evidence of a sale. And it is clearly shown that the property was not paid for. In our judgment the court below might well find

from the evidence, as it did, that the property was sent with the expectation that a sale might thereafter be consummated, but that it was never completed.

V. The costs were taxed to the respective parties in proportion to the value of the property recovered by each. 4. COSTS: apportionment of. Where, as in this case, the property consists of distinct articles, and a recovery is had for part only, it is competent for the court to make an equitable apportionment of costs. Code, Sec. 2933. We are unable to discover any abuse of discretion in the apportionment of costs.

AFFIRMED.