## Charles B. Rouss, Appellant, v. M. A. Creglow.

103   60
f125 564

103   60
131 212

103   60'
e133   80

103   60
142 577

**Contracts:** CONSTRUCTION: *Understanding of parties.* Code, 1873, section 3652, providing that, "where the terms of an agreement have been intended in a different sense by the parties to it, that sense is to prevail against either party in which he had reason to suppose the other understood it," applies only to contracts susceptible of different constructions.

RULE APPLIED TO GUARANTY. A contract of guaranty provided for the payment of any sum "which is now, or at any time hereafter may become due and payable" upon an open account for goods sold and delivered, with the further provision. "This guaranty shall apply to all indebtedness which may accrue within one year from this date, and before the personal service upon us by said guarantor of written notice, to the effect, that he will not be

liable for any debt contracted after the service of such notice."
*Held*, that the guaranty was not a continuous one, but was limited
to one year.

*Appeal from Clayton District Court.*—Hon. L. E. Fel-
lows, Judge.

Saturday, October 9, 1897.

Action upon a written contract of guaranty.
Defendant's demurrer to the petition was sustained,
and, plaintiff electing to stand on his petition, judgment
was entered against him, from which he appeals.—
*Affirmed.*

*Blythe, Markley & Smith* for appellant.

*D. D. Murphy* for appellee.

Given, J.—I. The written contract of guaranty
sued upon is as follows: "$2,500.00. May 7, 1892.
For and in consideration of the sum of one dollar to us
in hand paid by Charles Broadway Rouss, of the
city of New York, receipt whereof is hereby
acknowledged, I, we, or either of us, do hereby
guarantee the prompt payment to him of any sum, up to
twenty-five hundred dollars, which is now or at any
time hereafter may become due and payable to him by
Creglow Bros. upon open account for goods sold and
delivered, or upon any note or evidence of debt given
upon account of such sales and deliveries. This guar-
anty shall apply to all indebtedness which may accrue
at any time within one year from this date, and before
the personal service by us upon said Rouss of written
notice to the effect that we will not be liable for any
debt contracted after the service of such notice. Notice
of the acceptance of this guaranty, and notice of any
credit extended on the faith thereof, is hereby waived.

The said Rouss is at liberty to extend the time for payment of any such indebtedness, without notice to us. We do hereby waive the benefit of all exemption laws of every description, including the right of homestead, as against any liability arising under this instrument. It is understood and agreed by the party giving this instrument as collateral security that he or they are to remit at the rate of 10 per cent. per week of the open account of indebtedness, whatever it is or may hereafter become So long as this is done, they have the privilege of extending this instrument for twelve months from its date. In the event of a failure to do this, it is understood that this instrument immediately becomes due. It is also understood that they have the privilege of ordering an equal amount of goods to the remittance sent, even should the remittance be in excess of the 10 per cent. per week. It is also understood that proceeds for shipments made C. O. D. by freight or express shall not be construed as a remittance to be applied on the 10 per cent. per week; in other words, remittances must accompany the orders, or be received before orders are filled, to be applied on the 10 per cent. agreement. It is further understood that the sureties are fully cognizant of these terms. Creglow Bros. M. A. Creglow." The account against Creglow Bros. set out in the petition shows a balance of one thousand, five hundred and five dollars and twenty-seven cents due to plaintiff on May 7, 1892, and a continuous course of dealing from that date to November 30, 1894, with a balance of one thousand and two dollars and ninety-five cents then due to plaintiff. The account also shows that the credits largely exceed the balance due May 7, 1892, and the amount of purchases made between that date an l May 7, 1893. From this it is clear that the balance of one thousand and two dollars and ninety-five cents, due November 3, 1894, and for which judgment is asked, is for merchandise purchased after May 7, 1893. By the

demurrer, the question is raised whether appellee is liable, under said contract of guaranty, for the indebtedness incurred after one year from its date, namely, after May 7, 1893.

II.   Appellant's contention is that this is a continuing guaranty, limited only by notice of its termination, or by the lapse of a reasonable time; and appellee contends that it is limited by its own terms to one year from its date.   Appellant cites *Pratt v. Matthews*, 24 Hun. 386, and *Powers v. Clarke*, 127 N. Y. 417 (28 N. E. Rep. 402), to the effect that the words "at any time hereafter" tend strongly to show that the guaranty is a continuing one.   Such language, standing alone, does so tend, but not when followed, as in this case, by a provision expressly limiting the guaranty "to all indebtedness which may at any time accrue within one year from this date,"—the date of guaranty. We think it entirely clear that the words "or at any time hereafter" are qualified by the words "within one year from this date," and that the provision as to notice is for notice within the year.   In *Shickle, Harrison & Howard Iron Co. v. Council Bluffs City Water Works Co.*, 83 Iowa, 397, it is said "that, in construing contracts of guaranty, technicalities should be avoided, and the reasonable intent of the parties, as it may be gathered from all parts of the contract, should prevail."   Thus construing this contract, it is plainly a guaranty for one year from its date, and does not admit of any other interpretation.

III.   Appellant filed an amendment to his petition as follows:   "And now plaintiff amends his petition by stating, in addition thereto, that he intended the written instrument of guaranty to cover goods sold and credit extended after one year from the date thereof, as well as before such time, and that he accepted said instrument of guaranty, and sold and delivered goods

upon credit to said Creglow Bros. under and in pursu-
ance of said written instrument, and in reliance thereon,
understanding and intending that it covered sales made
and credit extended after one year from its date, as well
as before; and the defendant at all times well knew
that he was so acting with such understanding and
intention, and had reason at all times so to know, yet
remained silent, and suffered the plaintiff so to act, with
full knowledge that he was so acting, and acquiesced
therein without notice or objection." Appellant cites
section 3652 of the Code of 1873, which is as follows:
"When the terms of an agreement have been intended
in a different sense by the parties to it, that sense is to
prevail against either party in which he had reason to
suppose the other understood it." Appellant
contends that this section "applies to any lan-
guage, whether it is fairly susceptible of the
sense in which the party understood it or not." *Hop-
wood v. Corbin*, 63 Iowa, 218; *Oil Co. v. Montague*, 65
Iowa, 67; *Chicago Lumber Co. v. Tibble's Manufactur-
ing Co.*, 80 Iowa, 369; and *Evans v. McConnell*, 99 Iowa,
326, are cited as supporting these contentions. In each
of these cases wherein section 3652 was applied, the con-
tract was either held to be susceptible of different con-
structions, or the question whether it was so susceptible
was submitted to the jury. Counsel say they do not
find any case construing this statute to be limited to
cases where the writing was fairly susceptible of differ-
ent meanings; but we are not referred to, nor do we
find that it has ever been applied to, any other. In
*Walker v. Manning*, 6 Iowa, 520, it was held not to
apply, for the reason that "there is nothing in the testi-
mony from which it can be inferred that the terms of
the agreement have been intended by the parties in a
different sense." By this contract, appellee became a
surety, and, under familiar rules, his liability is not to

be extended by implication. "To charge him beyond its terms, or permit it to be altered without his consent, would be, not to enforce the contract made by him, but to make another for him." Brandt, Suretyship, section 80; *Gongower v. Association*, 94, Iowa, 499. To extend this plain and unambiguous contract beyond the year to which it is limited, merely because appellant so intended it, and because appellee so knew, would make a new contract. This contract being susceptible of but one construction, appellant had no reason for his alleged understanding of it, and appellee's liability cannot be extended because of that unwarranted understanding, even if he knew it. The demurrer was properly sustained, and the judgment is therefore AFFIRMED.