In the Matter of the Estate of ELIZABETH McMURRAY, Deceased, DEBORAH A., BESSIE AND BERTHENA A. McMURRAY, Appellants, v. JAMES O. McMURRAY, Guardian.

**Guardian and Ward.** A ward who has attained his majority can compel his guardian to account in the probate court.

**Demurrer.** A demurrer to a complaint in a special proceeding because the facts stated do not entitle plaintiff to the relief demanded is insufficient, under Code, section 3562, providing that a demurrer in a special proceeding must specify and number the objections.

SAME.   Immaterial matter cannot be expurgated by demurrer, under
1   Code, section 3618, providing that such matter be stricken out on
    motion.

LIMITATIONS: *Waiver.*   Where a defendant, in his demurrer does not
1   raise the question of limitation of the action it will be treated on
    appeal as waived.

*Appeal from Wayne District Court.*—HON. H. M. TOWNER,
Judge.

WEDNESDAY, APRIL 5, 1899.

SPECIAL proceedings to compel defendant, who was the
guardian of plaintiff, to render an accounting to the pro-
bate court. The trial court sustained a demurrer to the
petition, and plaintiffs appeal.—REVERSED.

*Baker & Moore* for appellants.

*Miles & Steele* for appellee.

DEEMER, J.—Plaintiffs first filed a petition reciting the
facts relating to defendant's appointment as guardian, attain-
ment of their majority, and failure and neglect of the
guardian to report. To this the defendant filed an answer
pleading the statute of limitations. Thereupon plaintiffs
filed an amendment to their petition, pleading certain facts
by way of avoidance of the statute. Defendant then filed
a motion to strike certain parts of this amendment, and this
motion was sustained. Thereafter plaintiffs filed what they
denominated an "amended petition," in which they repleaded
the exact facts set forth in the original petition, and further
pleaded certain facts by way of avoidance of the statute of
limitations. Defendant demurred to this amended petition
upon the following grounds: (1) That the facts stated in the
amended petition do not entitle plaintiffs to the relief
demanded; (2) that the statements and allegations in said
amended petition are irrelevant, immaterial, and in no way
or manner state any cause of action for any relief against this

guardian; (3) that the allegations and statements of paragraph 4 of the amended petition are irrelevant, immaterial, and do not state any facts entitling the complainants to any relief against this defendant.

As this is a special proceeding, the demurrer must specify and number the grounds of objection to the pleading. A general demurrer is insufficient. Code, section 3562, and cases cited thereunder. Again, a demurrer is not a pruning hook, and cannot be used to trim out immaterial and irrelevant matter. This must be done by motion. Code, section 3618, and cases cited. The statute of limitations is not available unless pleaded as a defense in the answer, or taken advantage of by demurrer. If not pleaded, it will be treated as waived. *Robinson v. Allen,* 37 Iowa, 27; *Welch v. McGrath,* 59 Iowa, 519. As the demurrer does not raise the question of the bar of the statute, it will, for the purposes of this appeal, be treated as waived. And, as the first ground of demurrer is general in terms, it cannot be considered. *Crouch v. Crouch,* 9 Iowa, 178; *Singer v. Cavers,* 26 Iowa, 178; *McLaughlin v. Bascomb,* 36 Iowa, 593; *Davidson v. Biggs,* 61 Iowa, 309. Irrelevant and immaterial matter cannot be expurgated by demurrer. *Bolinger v. Henderson,* 23 Iowa, 165; *Dougless v. Bishop,* 27 Iowa, 214. These principles come almost unbidden to the mind, and it follows that the demurrer was erroneously sustained.

Solution of the question as to whether or not the amended petition was a substitution for the original is not essential to a determination of the case, although we are inclined to think it should be so treated. *Lauman v. Des Moines County,* 29 Iowa, 310. An amended petition may be an essentially different instrument from an amendment to a petition. In this case it clearly appears that the pleading was intended as a substitute. That the proceedings adopted in this case were proper, see *O'Brien v. Strang,* 42 Iowa, 643; *McWilliams v. Kalback,* 55 Iowa, 110. The judgment of the district court is REVERSED.