L. J. BARNETT, Appellant, v. J. E. LOVEJOY, Appellee.

**VENDOR AND PURCHASER:** Contradiction of Written Option. A
1 definite, complete, and unambiguous written option to purchase property may not, either by *oral* evidence or by a contemporaneously executed *written* instrument, signed only by the optionee, and making no reference to the written option, be converted into a contract of employment of the optionee to sell the property on commission.

PRESTON, FAVILLE, and DE GRAFF, JJ., dissent.

**CONTRACTS:** Construction—Complete Contract Not Aided by Other
2 Writings. Principle recognized that the rule under which several writings are construed together, in order to determine the intent of the parties, does not apply when the writing in question is complete and unambiguous, in and of itself.

**VENDOR AND PURCHASER:** Acceptance of Option by a Stranger.
3 Principle recognized that one who grants to a particular person a written option to buy property is not bound by the acceptance of a stranger.

**VENDOR AND PURCHASER:** Withdrawal of Option. Principle recognized that an option to purchase property, entered into without consideration, is rescindable at any time prior to acceptance.

**CONTRACTS:** Construction—In Sense Understood by Parties. The
5 principle that a contract shall be construed against a party in that

sense in which he had reason to believe the other party to the contract understood it, has no application when the contract is certain and unambiguous.

*Appeal from Polk District Court.*—HUBERT UTTERBACK, Judge.

JANUARY 17, 1922.

REHEARING DENIED APRIL 8, 1922.

ACTION to recover a real estate commission. Judgment for defendant, and plaintiff appeals.—*Affirmed.*

*George Wambach,* for appellant.

*Dale & Harvison,* for appellee.

STEVENS, C. J.—Plaintiff is a real estate agent and broker, residing in the city of Des Moines, and brings this action to recover a real estate commission. He alleged in his petition that

1. VENDOR AND PURCHASER: contradiction of written option.

the defendant, on April 21, 1920, listed the southeast corner of Twelfth and Mulberry Streets, 132 by 107 5/6 feet, in the city of Des Moines, with him for sale; that the price and terms of sale were in writing as follows:

"Des Moines, Iowa, April 21, 1920.

"Mr. L. J. Barnett,
"Des Moines, Iowa.
"Dear Sir:
"I offer you, subject to acceptance within ten days from date, property at southeast corner of Twelfth and Mulberry Streets, 132 ft. by 107 5/6 ft. for the sum of $67,500, and will give contract for deed payable $5,000 down and $2,000 per year with interest at 6% per annum payable semiannually.
              "Yours very truly,
                        "J. E. Lovejoy."

He further alleged that, on April 24th, he procured a purchaser in the person of one E. L. Lloyd, who accepted the offer

contained in said written statement by writing the following thereon: "I accept the above offer. April·24-20. E. L. Lloyd." He also alleged that, although the said Lloyd was ready, able, and willing to carry out and consummate the purchase of said property, the defendant refused to enter into a contract of sale, in pursuance of the terms stated. The defendant admitted the execution of the written instrument, which he designates as an option, and says that, on April 26, 1920, he withdrew the alleged offer, in writing, as follows:

"Des Moines, Iowa, April 26, 1920.

"Mr. L. J. Barnett,
"Des Moines, Iowa.
"Dear Sir:
"I hereby withdraw my offer to you, under date of April 21, 1920, on property at southeast corner of 12th & Mulberry Sts.

"Yours very truly,
"J. E. Lovejoy."

A verdict was directed by the court for defendant, at the close of plaintiff's evidence. Plaintiff testified that, at the time of the execution of the writing dated April 21st, the defendant agreed to pay him a commission of $1,500 for the sale of the property; that the price of $67,500 included the commission agreed upon; that the defendant, at the time, requested that plaintiff put the agreement as to a commission in writing; and that, while the defendant was in the act of·dictating the instrument copied above, plaintiff wrote an agreement, signed only by himself, agreeing to accept $1,500 in full of all commissions and charges for services in the sale of the property, and delivered the same to the defendant; that the sum fixed in the writing was agreed upon after some negotiation and computation on the usual basis of 2½ per cent, and represented a compromise between them. The writing prepared and signed by plaintiff and claimed to have been delivered to the defendant was not offered in evidence. Notice was, however, served upon the defendant to produce it; but, as he failed to do so, plaintiff was permitted to state its contents.

Plaintiff also testified that, when he first solicited Lloyd to purchase the property, Lloyd requested plaintiff to ascertain if defendant would provide in the contract for the payment of the purchase price at an earlier date than that fixed by the writing; that plaintiff communicated this request to the defendant, and that he declined to alter or vary the terms already stated; that plaintiff then suggested to defendant that perhaps it would be better to have Lloyd accept the offer in writing; and that the suggestion was assented to by the defendant. Whereupon, the offer was accepted by Lloyd in the manner stated. Upon this point, the plaintiff testified as follows:

"Before making the sale to Lloyd, I had another talk with Mr. Lovejoy. Mr. Lloyd wanted to find out if Mr. Lovejoy would allow him to pay on or before any of the deferred payments, but Mr. Lovejoy didn't want to do that. He wanted to have $2,000. I asked him if he would give Mr. Lloyd the privilege of paying any or all of the deferred payments before they become due. He did not want to do that. Mr. Lovejoy said he wanted to put this into long-time investment, so that the money would be coming in gradually. After he told me he would not make any concession to allow him to pay the money on or before, then I said, 'The only thing to do is to have him accept this proposition that you have made on here;' and he says, 'Yes.' That was on Friday, and on Saturday following, the 24th, I obtained Mr. Lloyd's signature to Exhibit 1. On Saturday, I went down there, and Mr. Lovejoy was not in at that time, and I had told his bookkeeper I had sold the property, and in about half an hour or so, Mr. Lovejoy came in, and I told him I had the offer accepted by Mr. Lloyd,—that I had closed the deal for him,—and asked him if he had the abstracts in the office,—that I would save time, and take them down to the abstracter,—and he said, 'No,' that he did not, and that they were in the bank, and he would have them here for me Monday morning."

The grounds of defendant's motion to direct a verdict were that the written instrument signed by defendant on April 21st was a mere option to plaintiff to purchase the property; that it was executed without consideration, and withdrawn before acceptance; that it did not create the relation of principal and agent between plaintiff and defendant; and that the latter was

not bound by the acceptance of Lloyd, who was a stranger to the option. Proper objection was made to the introduction of parol testimony to vary or contradict the terms of the written instrument, and to the plaintiff's version of the transaction.

Plaintiff relies for reversal upon two propositions: (a) That the two written instruments, the one signed by defendant, fixing the price and terms of sale, and the other signed by plaintiff, agreeing to accept $1,500 in full payment of commission, must be construed together; and that, when they are so construed, the relation of principal and agent is established between the parties; and that, as plaintiff procured a purchaser ready, able, and willing to purchase the property at the price and upon the specified terms, he is entitled to recover the agreed sum as commission; and (b) that, under Section 4617 of the Code, the same must be construed in the sense in which the defendant knew, or had reason to suppose, plaintiff understood it; and that, therefore, the defendant fully knew that plaintiff understood that the writing signed by him was intended merely as a statement of the price and terms of sale. Section 4617 is as follows:

"When the terms of an agreement have been intended in a different sense by the parties to it, that sense is to prevail against either party in which he had reason to suppose the other understood it."

That the writing signed by defendant is, on its face, a mere offer to sell the property to plaintiff, subject to acceptance by him within ten days, and that no actual consideration was paid therefor, is not seriously disputed by plaintiff.

**2. CONTRACTS: construction: complete contract not aided by other writings.** Where two or more instruments are contemporaneously executed by the parties, referring to the subject-matter of an agreement between them, they must, if possible, be construed together, for the purpose of ascertaining and giving effect to the intention of the parties. *Elmore v. Higgins,* 20 Iowa 250; *Union Pub. House v. Tumbleson* (Iowa), 134 N. W. 552 (not officially reported).

**3. VENDOR AND PURCHASER: acceptance of option by a stranger.** This rule does not apply, however, to an instrument complete in itself, and without ambiguity. If the statement signed by the defendant be treated as an offer or option to the plaintiff, and

not as a listing agreement, then he was not bound by the accept-
ance thereof by a ·stranger. Furthermore, if the instrument
amounted only to a mere option, and was without consideration,
the defendant had the right to withdraw it at any time before
acceptance by the plaintiff. *Jester v. Gray*, 188
Iowa 1249. No other contract of listing was
offered in evidence or claimed to have been en-
tered into between the parties. The only written statement of
price and terms is that contained therein. The alleged written
statement signed by plaintiff, agreeing to accept $1,500 com-
mission, appears to have been addressed to, but not signed by,
the defendant. The effect of construing the two writings to-
gether, if effect be given thereto according to the version of
plaintiff, would be to transform the one signed by defendant
from a mere offer or option to plaintiff, into a simple statement
of the price and terms upon which the property was listed with
plaintiff for sale. So far as disclosed by the record, the instru-
ment signed by plaintiff contained no reference to the instru-
ment signed by the defendant. It would have been easy for the
defendant to have given plaintiff the option to purchase the
property at the price and upon the terms stated in the writing,
and also to have orally listed the same property with him for
sale upon a commission. The petition, however, treats the op-
tion as a listing contract, and makes no claim to an oral listing
of the property for sale. The subsequent conduct of the parties,
as shown by the testimony of plaintiff, if relevant under the
issues, tends to throw light upon their understanding of the ar-
rangement between them. By the terms of the writing, de-
fendant offered to sell the property to plaintiff, subject to ac-
ceptance within ten days, at the price and upon the terms therein
recited. Prior to April 24th, the date of Lloyd's acceptance of ·
the offer, plaintiff sought to induce defendant to modify the
offer, so as to include a provision for optional payments. This
defendant declined to do; whereupon Lloyd accepted the offer,
in the manner already stated. No separate or independent con-
tract was entered into by plaintiff on behalf of defendant and
Lloyd, nor does any appear to have been contemplated. Plain-
tiff, as already appears, testified that the acceptance by Lloyd
in the manner shown was with the express approval and con-

4. VENDOR AND PURCHASER: withdrawal of option.

sent of the defendant. It was, of course, within the power of the defendant to orally waive the terms of the written offer to plaintiff, and to approve the acceptance thereof by another person. This, according to the testimony of plaintiff, is apparently what was done, and nothing more. Whether, under such circumstances, plaintiff would be entitled to a commission, we need not determine, as his cause of action is not predicated upon that theory. Parol testimony was not admissible for the purpose of showing that the instrument signed by the defendant, which is, in form, a complete offer or option, was in fact intended as a contract of listing. All of the conversation between plaintiff and defendant with reference to a commission was had before the instrument was prepared or signed by the defendant. All of the parties apparently treated the writing signed by defendant as an offer or option. The form of Lloyd's acceptance is indicative of this interpretation.

It is our conclusion, and we hold, that the instrument signed by the defendant was, in fact and in law, a mere offer or option to the plaintiff, and not a contract of listing, and that neither parol evidence nor the writing signed by the plaintiff was admissible for the purpose of varying, altering, or contradicting its terms. The acceptance by Lloyd of the option does not, upon the record and under the issues tendered, make out a case for plaintiff.

But, as stated, counsel for appellant also relies upon the provisions of Section 4617, quoted above. This statute applies 5. CONTRACTS: construction: in sense understood by parties. only where there is uncertainty or ambiguity in the contract. *Inman Mfg. Co. v. American Cereal Co.,* 133 Iowa 71; *Comptograph Co. v. Burroughs Add. Mach. Co.,* 179 Iowa 83; *Pratt v. Prouty,* 104 Iowa 419. There being no uncertainty or ambiguity in the contract in question, this statute has no application to the facts of this case.

We deem further discussion unprofitable. It follows that the judgment of the court below must be and is—*Affirmed.*

WEAVER, EVANS, and ARTHUR, JJ., concur.

PRESTON, FAVILLE, and DE GRAFF, JJ., dissent.