Iowa Coal Washing Company, Appellant, v. Consolidation Coal Company, Appellee.

**PLEADING:** Motions—Elimination of Irrelevant and Redundant Matter. Principle reaffirmed that irrelevant and redundant matter in a pleading must be eliminated by a motion to strike.

**PLEADING:** Waiver—Treating Unallowable Motion as Allowable—Effect. A litigant, by allowing a motion to be argued and submitted to the court for determination, without effort to exclude such motion from the record, waives the objection that the movant had no legal right to file said motion.

**PLEADING:** Motions—Redundant Matter. In an action for breach of a written contract to sell all fine coal screenings "produced" during a stated time, a pleading that the parties mutually understood that the contract required the delivery of all fine screenings "produced * * * during the term of said contract" is redundant, and properly stricken on motion.

**PLEADING:** Motions—Irrelevant and Immaterial Matter. In an action for breach of a written contract to sell all fine coal screenings "produced" during a stated time, a pleading that the parties mutually understood that the contract required the seller "to screen all the coal mined during the term" of the contract is irrelevant and immaterial, and properly stricken on motion, (1) even though the contract specifies what shall be deemed "screenings," and (2) even though such pleading is sought to be aided by a plea of estoppel and custom.

**CONTRACTS:** Construction—Mutual Construction—Effect. Conduct of a party in executing a contract as to matters over which there is no controversy may not be deemed a construction of the contract as to after-arising matters concerning which there is a controversy.

Headnote 1: 31 Cyc. pp. 637, 638.    Headnote 2: 31 Cyc. p. 753.
Headnote 3: 31 Cyc. pp. 638, 641.    Headnote 4: 31 Cyc. pp. 638, 641.
Headnote 5: 13 C. J. pp. 548, 549; 35 Cyc. p. 98.

Headnote 1: 21 R. C. L. 596.

*Appeal from Monroe District Court.*—D. M. Anderson, Judge.

October 19, 1926.

Opinion on Rehearing September 20, 1927.

Action at law by Iowa Coal Washing Company, as plaintiff, against the Consolidation Coal Company, as defendant, to re-

cover $250,000 damages for breach of contract to deliver fine screenings. The district court sustained defendant's motion to strike portion of petition and amendments thereto. Plaintiff appeals.—*Affirmed.*

*Devitt & Eichhorn, Bates & Dashiell,* and *Preston & Preston,* for appellant.

*Samuel H. Cady, Mabry & Mabry,* and *Davis, McLaughlin & Hise,* for appellee.

Kindig, J.—The scope of this controversy is necessarily limited to the narrow confines of a motion to strike parts of appellant's petition and amendments thereto. Chronologically stated, the facts are: On October 9, 1911, said parties entered into a written contract wherein the coal company (appellee) agreed to sell, and the washing company (appellant) consented to buy, all fine screenings produced by said coal company at its mines during the period of ten years from and after the first day of April, A. D. 1912, at a specified price. Said coal company was to deliver such coal F. O. B. cars at the mine. From that point transportation was to be made and paid for by the washing company. That written document contained the following provision:

"For the purposes of this contract, all coal passing through a three-quarter-inch bar screen, or a one and one-quarter-inch perforated shaker screen, shall be called 'screenings.'" Compliance was made with said covenant until December 1, 1919, at which time, over appellant's protest, appellee discontinued delivering said coal, although mining operations went on. So, on September 13, 1922, appellant filed its petition in the district court, to recover damages from appellee, naming said lack of further delivery as a breach of said compact. A material paragraph of said pleading is:

"That, at the time of the execution of said contract, the defendant coal company had reason to suppose and know, and did in fact know, that the plaintiff, the Iowa Coal Washing Company, understood said contract to require said defendant, Consolidation Coal Company, to screen all the coal mined by said Consolidation Coal Company and to deliver all fine screen-

ings produced by said coal company at its mines during the term of said contract.''

Appellee, in attack upon said petition, filed motion to make more specific. This requirement was met by appellant in an amendment repeating, in substance, said understanding concerning the necessity of appellee to screen all the coal mined by it and make delivery accordingly. Said portion of the petition and amendment relating to the alleged ''understanding'' appellee moved to strike.

Before ruling, however, appellant added a second amendment, containing allegations regarding (1) estoppel, because appellee permitted appellant, with full knowledge of said ''understanding,'' to erect and establish a plant, at an expense of $60,000, properly equipped to wash and treat fine screenings and coal described in the contract; (2) interpretation of the contract to mean ''all coal mined must be screened,'' because appellee did so screen all said coal for the period of approximately seven years; (3) general and local custom and usage to screen all coal mined; and (4) construction of instrument most strongly against appellee (to the effect that all coal mined must be screened), because same was drawn by its representatives. Finally, appellee presented a motion to strike said allegations (a) in the original petition and first amendment, and (b) in the last amendment, on the grounds that all ''are irrelevant, redundant, and immaterial, and especially for the reason that thereby the plaintiff [appellant] seeks to interpret and change the meaning of and to vary the terms of the written contract.'' Such motion was sustained by the district court, and to the error complained of attention will now be directed.

I.   Section 11197, Code of 1924, provides:

'' * * * irrelevant and redundant matter in all pleadings, may be stricken out on motion * * *.''

Consistently it has been held that immaterial and unrelated allegations should be removed through the method provided by said legislation. *Scott v. Wilson*, 190 Iowa 73; *Inman Mfg. Co. v. American Cereal Co.*, 133 Iowa 71; *Johns v. Pattee*, 55 Iowa 665; *Davis v. Chicago & N. W. R. Co.*, 46 Iowa 389; *Whitaker v. Sigler*, 44 Iowa 419; *In re Estate of McMurray*, 107 Iowa 648; *Williams v. Williams*, 115 Iowa 520.

1. PLEADING: motions: elimination of irrelevant and redundant matter.

II.  Insistence is made that the motion to strike said paragraph from the original petition has been waived by appellee, because, immediately preceding, there was filed to the same complaint an application to make more definite and certain.  Citation is made to Code of 1924, Section 11135, providing:

"* * * Only one motion of the same kind * * * assailing such pleading shall be filed, unless such pleading is amended after the filing of a motion * * * thereto."

In urging this principle, appellant has apparently lost sight of the fact that it permitted the objectionable motion to be argued and submitted to the court for determination, without effort or attempt to remove it from the files. Relinquishment of a right, therefore, was made by appellant, in failing to interpose such objection.  Appellee can proceed in contravention of said enactment unless appellant elects to and does invoke the protection thereby afforded.  See *Lundbeck v. Pilmair*, 78 Iowa 434.

2. PLEADING: waiver: treating unallowable motion as allowable: effect.

III.  Was the subject-matter relating to said alleged "understanding" vulnerable to the assault previously noted?  Primarily, said written obligation was to deliver screenings produced.  Hence, appellant made the gravamen of its action failure to deliver coal "produced." All this is the very essence of the original agreement.  Of course, all "fine screenings produced" were to be delivered.  Said contract, without the aid of pleading "understanding," is clear in that respect.  Prohibition against redundancy renders assailable that portion of the petition quoted in the historical statement, as follows:

3. PLEADING: motions: redundant matter.

"And to deliver all fine screenings produced by said coal company at its mines during the term of said contract."

"Understanding" was not aimed at the meaning of "produce," but was, rather, a repetition of the entire contractual provision, without assistance in defining said word.  There is no need, then, for an additional declaration about an "understanding" of the general contractual burden, for uncertainty, confusion, or doubt does not appear.  *Congower v. Equitable Mut. L. & E. Assn.*, 94 Iowa 499; *Rouss v. Creglow*, 103 Iowa 60; *Inman Mfg. Co. v. American Cereal Co.*, 133 Iowa 71;

*Comptograph Co. v. Burroughs Adding Mach. Co.,* 179 Iowa 83;
*Barnett v. Lovejoy,* 193 Iowa 678.

IV.    Also, irrelevancy and immateriality bar the other element of said quotation: "To screen all the coal mined by said Consolidation Coal Company." Damage sought was not for

**4. PLEADING: motions: irrelevant and immaterial matter.**    omitting to screen, but for declining to transfer production to appellant. Parenthetically, we note that appellant defines production to mean "to mine," while appellee asserts, it means "to sieve" or "separate." However, such "understanding" is not pleaded. Burden of the objectionable pleading is placed upon the foundation that appellee stopped screening, although still mining. Such premise is not sound, because it does not furnish a definition of "produce." Appellant's real grievance under said contractual document is the cessation of delivery while appellee still brought forth the product. The criterion is, Was there "production," requiring delivery? Fundamentally, that raises the question, What is meant by "produce," under the contract? "Understandings" above named and offered for this case, in order to be material and relevant, must throw light on that pivotal point. On this basis of recovery, the "understanding" of the parties as to how long appellant would continue, or the extent of, its screening became quite immaterial and irrelevant. Reducing the question to its final analysis, then, those pleaded statements concerning said mutual conception can have no bearing upon the point in issue; for said alleged joint interpretation is directed to the proposition, not that there was produced coal to be delivered, but rather, that the act of screening should proceed. The agreement was to deliver production, and not to screen. About this there is no ambiguity. Thus, Section 11275, Code of 1924, does not apply. *Rouss v. Creglow,* supra; *Inman Mfg. Co. v. American Cereal Co.,* supra; *Comptograph Co. v. Burroughs Adding Mach. Co.,* supra; *Peterson v. Modern Brotherhood of America,* 125 Iowa 562; *Hartley v. Lapidus & Holub Co.,* 216 Fed. 92; *County of Pocahontas v. Katz-Craig Contracting Co.,* 181 Iowa 1313; *Barnett v. Lovejoy,* supra. Nor do we determine the definition of that important word "produce," as used in the written stipulation. This will be done at the trial of the main case, after the pleadings have been placed in their final form and all evidence has been introduced.

V.  Claim is made that appellee, by making delivery of said coal for the partial period named, has thereby placed an interpretation upon the contract in harmony with appellant's theory.  This is untenable. Such action on the part of appellee is not inconsistent with its present claim, and no showing is made that quarrel ever before arose concerning an "understanding" of the parties' with reference to a perception of said debated words and phrases.  That conduct, under those circumstances, cannot be held to have construed the written expressions one way or the other.  See *Kanaskat L. & S. Co. v. Cascade Timber Co.*, 80 Wash. 561 (142 Pac. 15).

*5. CONTRACTS: construction: mutual construction: effect.*

VI.  Appellant's argument is not conclusive that its cause is aided by the assertion of estoppel, custom, and the doctrine that interpretation will be made most strongly against the drawer of an instrument.  Said principles of law advocated are well established, but do not apply here.  According to the pleadings, said bases for recovery are intended to promote the result that there will be the "process of screening," rather than "production," as contemplated by the contract; and consequently, analogous to the discussion previously had, those subjects become immaterial and irrelevant.

Therefore, we are constrained to hold that the ruling of the district court must be sustained, and it is affirmed, as herein limited.—*Affirmed.*

Evans, C. J., and Stevens, Faville, Albert, and Morling. JJ., concur.