COMMERCIAL NATIONAL BANK OF WATERLOO, Appellant, v. CRISSMAN & LINVILLE, Appellees.

No. 41209.

218

APRIL 5, 1932.

Longley, Ransier & Frank, for appellant.

.Crissman & Linville, for appellees.

FAVILLE, J.—The appellant brings this suit upon a certain written instrument, which is as follows:

 ''This obligation entered into on this 7th day of July, 1924, at Wadena, Minnesota, as follows:

''Whereas the Commercial National Bank of Waterloo, Iowa, has a claim against the William Schultz Estate now in process of administration in Wadena County, Minnesota, in the sum of $5,083.00 and interest represented by two notes, filed in said estate;

''And whereas, the Paul Davis Dry Goods Company of Waterloo, Iowa, has filed its claim in said estate in the sum of $641.92;

''And whereas, W. L. Crissman has filed a claim in said estate in the sum of $8,813.24 and interest represented by two promissory notes;

''And whereas a compromise has been entered into with the consent of the said Commercial National Bank and the said Paul Davis Dry Goods Company, whereby the claim of W. L. Crissman is to be allowed by the Probate Judge without contest in the sum of $4,400.00 only.

''Now, Therefore, in consideration of the said compromise and the agreement of the said Commercial National Bank, and

the said Paul Davis Dry Goods Company to the allowance of the claim of W. L. Crissman in said sum, the said W. L. Crissman of Cedar Rapids, Iowa, individually and the firm of Crissman & Linville of which W. L. Crissman is a member, hereby covenant and agrees that if in payment of the claim by the Administrator of said estate, should the assets be insufficient to pay the claim of said Bank and the said Bank and the said Dry Goods Company in full as allowed, the said W. L. Crissman and Crissman & Linville to make up to the said Bank and to the said Dry Goods Company any deficiency on the payment of their claim and hereby acknowledge themselves indebted to the said Bank and the said Dry Goods Company for said deficiency, if any, to be paid and become due by the undersigned after full distribution of said estate has been made. It is understood, however, that in the event the assets of the estate are sufficient to make payment of the claims one hundred cents on the dollar and said claims paid in full, then in that event, the said W. L. Crissman a member of the firm of Crissman & Linville, and Crissman & Linville, shall in no wise be indebted or obligated to either said bank or said Dry Goods Company.'' (Duly signed.)

The petition alleged that there had been a breach of said written instrument in that the appellees had failed to pay the appellant the amount of appellant's claim against the estate of the decedent Schultz. By an amendment to the petition the appellant alleged:

''That the defendant Linville prepared the written contract upon which this suit is based and that both defendants herein knew or had reason to believe that the plaintiff understood the contract of the defendants to be a guarantee of full payment of the claim of the plaintiff in the estate of William Schultz in consideration of the withdrawal of any objection on the part of the plaintiff to the allowance of the defendants' claim in said estate.''

To said petition as amended appellees filed the following demurrer:

''That the facts stated in the Petition, as amended, do not entitle the plaintiff to the relief demanded, in that there is no showing in plaintiff's petition, as amended, of any money having been paid to the defendant W. L. Crissman, or any of the de-

fendants herein, by the administrator of the estate of William Schultz, deceased, but in fact the petition, as amended, indirectly states that no moneys whatever were paid by the administrator of said estate to any of these defendants, and inasmuch as the alleged contract sets out that payments on the part of the defendants, or any of them, is to be based upon the condition of a payment of the claim of W. L. Crissman by the administrator of said estate, plaintiff has made no showing entitling it to the relief demanded.''

The court sustained the demurrer and the sole question for our determination is whether or not the court erred in said ruling.

It is elemental that if a written instrument is unambiguous and the obligation created thereby is ascertainable from the terms of the written instrument, parol evidence is inadmissible to explain the same. We are of the opinion that the written instrument in suit is sufficient in and of itself to express the terms and conditions agreed upon by the parties.

Appellant relies upon the provisions of Code section 11275, which section is as follows:

''When the terms of an agreement have been intended in a different sense by the parties to it, that sense is to prevail against either party in which he had reason to suppose the other understood it.''

However, appellant's counsel frankly concede in argument that if the written instrument is ''not fairly susceptible of two constructions there is no room for the application embodied in section 11275 of the Code.'' We are of the opinion that the written instrument, while not as artistically drawn as it might have been, expresses the contract between the parties and is not ambiguous. It sufficiently appears therefrom that the appellant had a claim against the estate of one William Schultz in process of administration in Wadena County, Minnesota, and that the Paul Davis Dry Goods Company and the appellee W. L. Crissman had each filed claims in said estate. It also appears therefrom that a compromise had been entered into with the consent of the appellant and the said Dry Goods Company whereby the claim of the appellee Crissman instead of being allowed in the full amount of said claim was to be allowed without contest in

approximately one half of the amount of said claim. The parties thereupon agreed to the allowance of the claim of said appellee Crissman in said sum and the said Crissman, individually, and the firm of Crissman & Linville, of which he is a member, agreed that if in payment of the claim by the administrator of the estate the assets of said estate would be insufficient to pay the claim of the appellant and the said Dry Goods Company in full as allowed, then the appellees would make up to appellant and the said Dry Goods Company any deficiency in the payment of their said claims.

The whole case turns upon the construction of this portion of the written instrument. The appellant contends that it is an absolute and unconditional obligation on the part of the appellees to pay its claim in full in any event. The appellees, on the other hand, contend that this contract is unambiguous and simply provides that if by reason of the payment of the Crissman claim by the administrator the assets of the estate would be insufficient to pay the claim of appellant, then the appellees would make up to the appellant the balance on appellant's claim. The instrument provided that the claims of the three parties were to be established against the estate of the decedent. Under the statute the three parties would therefore share pro rata in the distribution of the assets of said estate. To state it otherwise, the appellees obligated themselves to the appellant that in the event that the administrator of said estate, in making payment of the claim of the appellees, should have insufficient assets to pay the claim of the appellant, the appellees would make up said deficiency to the appellant. The appellees' petition alleges that "the assets of said estate were such as that no funds were available for the payment of claims of the fourth class and no payments were made by said administrator upon the said claims of the Commercial National Bank of Waterloo, Iowa, or upon any claims of the fourth class," so that it is sufficiently alleged that the appellee Crissman, like the appellant, failed to receive anything upon his claim from the assets of the estate of said decedent. As we construe the written instrument it appears therefrom that the condition of the obligation was that the Crissman claim should be allowed in the sum agreed upon and that he should share with the other claimants in the assets of the estate of the decedent, and that if in making payment of the claims the

222

assets were not sufficient to pay the claim of the appellant in full, then the appellees would make up the deficiency to appellant. It affirmatively appears that the appellee Crissman has not received any payment whatever on his claim, nor has the appellant. We do not construe the written instrument to be an absolute obligation on the part of the appellees to pay appellant's claim merely by the allowance of the Crissman claim, but the obligation was predicated upon a participation in the assets of the estate of the decedent by receipt of a payment therefrom. It affirmatively appears that no payment has been made to anyone. It therefore follows that the obligation has not been breached. We think the lower court was right in the construction placed upon the written instrument, and that under its terms and conditions, and in view of the allegations of the petition with reference to said estate, there has been no breach of said obligation on the part of the appellees. The judgment must therefore be and it is—Affirmed.

WAGNER, C. J., and STEVENS, DE GRAFF, ALBERT, KINDIG, MORLING, and GRIMM, JJ., concur.