ORA WALTER LAWRENCE ET AL., APPELLANTS, V. EQUITABLE
LIFE INSURANCE COMPANY OF IOWA, APPELLEE.

FILED DECEMBER 11, 1934. No. 29047.

*Raymond N. Klass* and *Sam E. Klaver,* for appellants.

*Brogan, Ellick & Shoemaker, R. B. Hamer* and *Phineas M. Henry, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY
and PAINE, JJ., and HASTINGS, District Judge.

GOOD, J.

This is an action to recover indemnity under a supplemental agreement incorporated in a life insurance policy. After all the evidence had been adduced, the trial court discharged the jury and entered judgment for defendant. Plaintiff has appealed.

Plaintiff and defendant are, and were at all times material to this cause, residents of Iowa. The policy was issued and delivered in that state. The premiums were payable to the defendant and any benefits accruing to plaintiff were payable in Iowa. There is no substantial conflict in the evidence.

The allegations of the petition, material to a determination of this controversy, are: That the policy was

issued February 25, 1929; that March 20, 1929, plaintiff became totally and permanently disabled by sickness, as a result of which he was totally, continuously and permanently disabled from performing and was unable to perform any of the duties of, and did not engage in, any gainful occupation for wage or profit; that said total and permanent disability continued until October 1, 1930; that plaintiff performed all conditions required by the policy and had made demand for the payment of indemnity, which defendant refused, on the ground that insured's disability was not of such a permanent character as was covered by the disability provision of the policy.

Defendant admitted the issuance and delivery of the policy, the residence of the parties, and also that said contract of insurance is an Iowa contract and governed by the laws of that state; that, under its law and decision of the supreme court of that state in *Hawkins v. John Hancock Mutual Life Ins. Co.*, 205 Ia. 760, no recovery can be had for total and permanent disability benefits when the action to recover same is commenced after total disability of insured is terminated. In his amended reply plaintiff alleged that at the time the application was executed plaintiff made an oral agreement with the agent of defendant, to the effect that the term, "total and permanent disability," as used in the policy, would mean, in the event said insured should suffer a total disability, the continuance of such disability for a period of 60 days, and if, at the end of said 60 days, such total disability continued, such fact would be accepted by defendant as permanent total disability and would entitle the plaintiff to disability benefits for the period of such disability, and that the instant case was ruled by the case of *Kurth v. Continental Life Ins. Co.*, 211 Ia. 736. Plaintiff further pleaded several sections of the Iowa statute which defined the terms, "soliciting agent" and "general agent" of an insurance company, and also other sections providing against discrimination or distinction between persons insured in the same class and

equal expectancy, and further pleaded the statute, which is similar to our own, that, when the terms of an agreement have been intended in a different sense by the parties to it, that sense is to prevail against either party in which he had reason to suppose the other understood it.

The supplemental agreement, under which plaintiff seeks a recovery, provided:

"If during the lifetime of the insured and the continuance of this policy and before its maturity or default in payment of the premium * * * due proof is furnished to the company at its home office that the insured has become totally disabled by bodily injury or disease so that he will thereby be permanently, wholly and continuously prevented from engaging in any occupation whatsoever for remuneration or profit and that such disability has then existed for not less than sixty days, * * * it (the company) will, during the continuance of such disability,

"(a) Waive the payment of the premium falling due on each anniversary.

"(b) Pay to the insured each month a sum equal to $10 for each $1,000 of the face amount of the policy."

It was further provided: "The company may at any time and from time to time, but not oftener than once a year, demand due proof of such continued disability and upon failure to furnish such proof, or if it appears that the insured is no longer wholly disabled as aforesaid, no further premiums shall be waived nor income payments made." There was a further provision that the face amount of the policy should not be diminished on account of any premium waived or disability income payments made, nor should such waived premium or income payments be deducted in any subsequent settlement of the policy.

Plaintiff contends that the quoted provisions are ambiguous as to the meaning of the term "permanent;" that the provision is susceptible of two constructions:

(1) To continue during life of insured; (2) that, if the total disability continues for 60 days, it will be deemed permanent, and that parol evidence may be introduced to determine the meaning of an ambiguous expression used in the contract. A number of decisions of this and other courts are cited, tending to sustain the contention that such a provision is ambiguous.

The policy in controversy was an Iowa contract between Iowa residents and to be wholly performed in the state of Iowa. The Iowa law, so far as applicable to the policy, became a part thereof as much as though it had been incorporated in the policy. The policy and its provisions must be interpreted pursuant to the laws of that state. If it is ascertained that no recovery can be had under the policy under the laws of Iowa, then it follows that no recovery can be had in this state, and it is wholly immaterial what the holding of this or any state, other than Iowa, may be with reference to the same or similar provisions in policies of insurance.

Defendant pleaded the opinion and decision in the case of *Hawkins v. John Hancock Mutual Life Ins. Co.,* 205 Ia. 760. In that case the supreme court of Iowa had under consideration a policy of insurance, containing provisions so similar as to be substantially identical with those presented in the instant case. In that case the court held: "A policy which provides for benefits if the insured becomes 'wholly and *permanently disabled*' does not embrace recovery for a disability which has been total for years, but which has *terminated* at the time action for recovery is instituted."

In that case plaintiff alleged that on or about the 1st day of March, 1922, he became wholly and permanently disabled and remained wholly and permanently disabled until November 1, 1925. The policy also contained provisions for waiver of premiums and payment of benefits during the continuance of such disability, and that such waived premiums and benefits should not be deducted from the amount payable under the policy at maturity,

and in all material respects was like the policy under consideration in the instant case. In the opinion it was said (p. 764):

" 'Permanent' cannot be given the meaning of its antonym, 'temporary.' Unless it means 'permanent,' it has no practical significance.

"In the light of these considerations, we are of the opinion that the plaintiff must fail. The proofs offered by him to the company in support of his claim show that, at the time they were made, the insured was not wholly disabled."

The effect of the holding is that the terms "permanent" and "permanently," as used in the policy, must be given their usual and ordinary meaning, and that, if the total disability continued for more than six months, but thereafter terminated, it could not be considered to be permanent, within the meaning of the policy. It would necessarily follow that if the term could be given but the one meaning there was no uncertainty or doubtful meaning, and therefore no ambiguity.

However, plaintiff argues that the holding in the *Hawkins* case has been superseded by a later decision of the supreme court of Iowa in the case of *Kurth v. Continental Life Ins. Co.*, 211 Ia. 736. In that case the terms of the policy were different. The court there held: "A policy of insurance which, *inter alia*, provides for indemnity 'if the insured shall furnish satisfactory proof that he has been wholly disabled * * * for a period of not less than 60 days, and that such disability is presumably permanent, and that he will be wholly and continuously prevented thereby from pursuing any gainful occupation,' does not require the proofs for initial indemnity to show that the disability is and will remain absolutely permanent and continuous." In the course of the opinion, in commenting upon a number of cases cited and relied upon by the defendant, the court said (p. 749): "In the *Lyon, Hurley,* and *Corsaut* cases, *supra,* this court was not required to take into consideration the

fact that the insurance company had by its own volition set a comparative standard for measuring total and permanent disability as respects the ability to pursue any gainful occupation. In the instant case, we are compelled to take such comparative measure into consideration. We are not receding from our former holding, but, by reason of the difference in the language of the contract in this case, the above cases relied upon by appellant are not controlling." In the *Kurth* case the *Hawkins* case was not specifically referred to, but other Iowa cases, holding to a like tenor, were mentioned. It appears clear that in the *Kurth* case the Iowa court was not receding from its holding in the *Hawkins* case. The construction given by the supreme court of Iowa to the policy provisions is controlling in this case.

On the trial plaintiff offered to prove that the agent, soliciting the insurance at the time of the application, thereafter stated to insured that the disability provisions of the policy of insurance meant, and were understood to mean, that, in the event plaintiff suffered a total disability which extended beyond the 60-day period, he was entitled to the benefits provided by the disability provisions of said contract, and that it was so understood by both the agent and plaintiff. Plaintiff cites and relies on section 11,275 of the 1931 Iowa Code which provides: "When the terms of an agreement have been intended in a different sense by the parties to it, that sense is to prevail against either party in which he had reason to suppose the other understood it"—and contends that the court erred in excluding the proffered evidence.

In a long line of decisions the supreme court of Iowa has held that the statute quoted above has no application to a written contract, unless it is of doubtful meaning, subject to more than one construction, or is ambiguous. Among the cases so holding are the following: *Rouss v. Creglow*, 103 Ia. 60; *Inman Mfg. Co. v. American*

*Cereal Co.*, 133 Ia. 71; *Comptograph Co. v. Burroughs Adding Machine Co.*, 179 Ia. 83; *Barnett v. Lovejoy*, 193 Ia. 678; *Iowa Coal Washing Co. v. Consolidation Coal Co.*, 204 Ia. 202; *Commercial Nat. Bank v. Crissman & Linville*, 214 Ia. 217. Under the Iowa law, the evidence was properly excluded, and that must control in a trial of the case in this state.

Plaintiff further contends that the construction placed upon the contract by the parties was ratified, because the defendant, after notice of plaintiff's claim as to the construction of the contract, continued to accept the premiums on the policy. Plaintiff evidently overlooks the fact that the policy was still in full force and that plaintiff was but paying for the benefits which the policy provides he was entitled to, and defendant no more ratified plaintiff's construction than plaintiff ratified the construction placed upon the policy by defendant. We think there is no merit in this contention.

From an examination of the entire record, we fail to find any error committed by the trial court.

Whether this court, in construing a Nebraska contract, would make rulings similar to those herein made is not involved and is not decided.

AFFIRMED.