### PATTERSON v. LINDER *et al.*

1. VENDOR'S LIEN: SATISFACTION. The satisfaction of a judgment on notes given for the purchase money of real estate by a sale under general execution of such real estate, does not operate to discharge the vendor's lien in such manner as to give priority to another judgment against the vendee.

2. JUDGMENT LIEN. A judgment is a lien only upon the *real* interest of the judgment defendant in real estate.

3. EVIDENCE: SECONDARY. Secondary evidence of the contents of a bond cannot be received when the proper foundation has not been laid, by showing that it has been lost, or that notice to produce it has been given the opposite party.

*Appeal from Johnson District Court.*

TUESDAY, JANUARY 6, 1863.

IN February, 1857, complainants owned the premises in dispute, and sold the same to one Vogt. One-third of the

purchase money was paid at the time, and a bond given for a deed upon the payment of the balance in two installments. The first installment was met, and in May, 1859, complainants obtained a judgment at law for the amount due on the last note. Upon an execution issued on this judgment, the premises were sold to complainants in April, 1860. They obtained their Sheriff's deed in April, 1861. Vogt never had a deed from Pattersons, they remaining the legal owners, subject to the interest of Vogt, who held the bond and was in possession. In October, 1858, Chambers recovered a judgment against Vogt, upon which an execution issued, and the interest of Vogt in the property sold to respondent Linder in April, 1861. At the time of this sale Linder had actual notice of complainants' claim. In May, 1861, this bill was filed to foreclose Linder's equity, and in the absence of redemption by him, to have complainants' title quieted. The prayer of the bill was granted, and respondent Linder appeals.

*Edmonds & Ransom* for the appellant.

*Clark & Bro.* and *L. Robinson* for the appellees.

WRIGHT, J.—The decree appealed from provided that appellant should, within thirty days from its rendition, redeem from complainants, and in default thereof that his equity be barred and foreclosed, and that the bond for a deed given by complainants to Vogt, then be declared canceled.

To the whole proceedings the appellant urges many objections which are briefly noticed. Their general argument may be stated thus: While complainants might, by bill to enforce their vendor's lien, have brought in all the lien holders and had their several equities settled, and in such a proceeding obtained a priority over the title or lien of respondents, yet having proceeded at law and obtained a

general judgment, they then had satisfaction of their equitable mortgages or the debts to which the lien was a mere incident; and having received more than two-thirds of the purchase money by actual payment, they then elected to treat the property as belonging to Vogt, and cannot now be heard to question respondents' title, which was obtained under a judgment prior to theirs.

It is not to be denied that when a debt is once satisfied, all the incidents of the debt, including a right to foreclose a mortgage given to secure the same, are extinguished. This proposition, however, has no fair application to the case before us. Notwithstanding the judgment at law upon the note, complainants, after their purchase of the property under the execution, and obtaining their deed, had a right to go into equity to quiet their title against the respondent Linder, who it appears did pretend to a right or interest therein. The judgment did not extinguish the lien in such a sense as to give priority to the judgment of Chambers. This judgment was only a lien upon the interest of Vogt in the premises; and his interest was an equitable one which would draw to it the legal title upon payment of the purchase money, and not before. Linder having bought this interest, stands in the place of the vendee, and having in addition actual notice of all the facts prior to his purchase, is in no better position. Complainants did not so treat the property as belonging to Vogt as to estop them from asserting their prior equity. *Wahl* v. *Phillips*, 12 Iowa, 81; *Christy* v. *Dyer*, *infra*. From this view of the case it follows that the authorities cited by appellant's counsel in 1 Barb. Ch., 119, 11 Paige, 245, 2 Seld., 452, are not applicable, and therefore need no discussion or examination at our hands. As the court did not absolutely bar respondents' equity, but allowed thirty days within which to redeem, we do not see how he could complain.

In one respect, however, the court below did err. The existence and contents of the bond given by complainants to Vogt were denied by the answers. On the trial one of the complainants was introduced as a witness, and was allowed, against respondent's objection, to state the contents of this bond. It was not shown to be lost nor destroyed, nor was notice given to the opposite party to produce it. In a word, no foundation whatever was laid for the introduction of this secondary evidence. Treating the question as arising on the law side of the court (and there the case seems to have been tried), it is now insisted that the ruling was correct. That this was error, however, is so palpable as not to need argument. The form of the action is not such as to give notice to the opposite party to produce the writing to contradict complainants' evidence if incorrect. Nor do the pleadings give notice of anything of the kind. The case does not therefore fall within the rule contended for by appellants, and maintained by *Nealy* v. *Greenough*, 5 Foster, 325. Nor does it come within the third exception, stated by Mr. Greenleaf (1 Ev., 561), to the general rules requiring notice to the opposite party to produce a writing. On this subject see 1 Greenleaf Ev., § 82; *Horseman* v. *Todhunter et al.*, 12 Iowa, 230, and cases there cited. For this error the cause is

Reversed and remanded.