[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 67 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 68 
The sole question to be determined in this case is whether the policy sued on covered any interest affected by the fire. If it did, then the defendant is bound to contribute to the loss; if it did not, then it is exempt from liability. This question depends upon the construction of the policy, and in its solution, as we cannot have the aid and guidance of any prior adjudications (as none have been found bearing upon the question), we must seek for the intention of the parties, making use of the rules and canons of construction and interpretation which have been recognized by the courts as useful and proper helps in such cases. If the language used by parties be free from ambiguity, their intention must be sought in the language; but if it be ambiguous, then the surrounding circumstances, the situation of the parties, and the objects intended to be accomplished, may all *Page 69 
be considered, and the language read in the light which they reflect.
This is what is called a floating policy, intended to cover property or value which cannot well be covered by specific insurance from the circumstance that it is changing in quantity or location. The ordinary purpose of such a policy is to supplement specific insurances and to cover values not covered by them. Here the plaintiffs' property would sometimes be in one warehouse and sometimes in another, and sometimes on wharves orin transitu over the streets, and sometimes above the specific insurances and sometimes under them in value. Hence, the necessity for this floating policy to attach to the property wherever it might be, and in all cases when it happened to exceed the specific insurances.
Insurance is matter of contract, and the parties to it can specify what property, value or interest it shall in any case cover. It may cover the whole property or any specified interest or value in it. It may indemnify against loss generally or loss above a certain sum or percentage.
This insurance was upon merchandise described and located in the policy, but subject to the average clause, which provided that if the merchandise should at the time of any fire be insured by any specific insurance, then "this policy shall not extend to cover the same, excepting only as far as relates to any excess of value beyond the amount of such specific insurance or insurances, which said excess is declared to be under the protection of this policy." It was thus provided, that if at the time of any fire there should be any specific insurance upon the merchandise, this policy should not cover the same, but should then attach to and protect only that portion of the value of the same which was in excess of the specific insurance. In that event it was such excess or value alone which was intended to be insured, and in case of fire the whole loss was intended to be thrown upon the specific insurances, unless it exceeded the amount of them, and then the excess was intended to fall upon the floating policy.
Here the specific insurances far exceeded in amount the *Page 70 
value of the goods destroyed, and hence the loss did not reach the interest insured by the floating policy, and therefore, I can perceive no rule of law or principle of justice which requires the insurers by this policy to contribute any portion of the loss.
The judgment should be affirmed with costs.
All concur.
Judgment affirmed.