---

W. L. WITMER, Appellant, v. T. J. SHREEVES.

**Equitable mortgage:** ASSIGNMENT OF MORTGAGOR'S INTEREST: EXECUTION SALE. Where the grantee's name in a deed was erased and another inserted and the deed was then delivered to him as security for part of the purchase price advanced, with a separate contract back acknowledging receipt of the deed and agreeing to hold the title in trust and to reconvey to the real grantee upon payment of the sum advanced, such substituted grantee held the apparent legal title and both the real grantee and those claiming under her were bound by the agreement as thus completed, although the method adopted for creating the trust may have been irregular; and an assignment of the contract by the real grantee extinguished her remaining interest and vested the assignee with title subject to the equitable mortgage, so that a subsequent judgment against the assignor was not a lien upon the property and the purchaser at execution sale acquired no interest therein.

**Execution sales:** UNRECORDED INSTRUMENTS: NOTICE. A purchaser at an execution sale who acquires no interest in the property by the sale, can not claim the protection of the statute against the effect of an unrecorded instrument of which he had no notice.

**Execution sale:** DISCREPANCY IN NAMES. Where the title to property stood in the name of Lena B. Reeves a sale thereof under a judgment against Belle Reeves would not pass title, in the absence of any proof of identity.

*Appeal from Polk District Court.*—HON. HUGH BRENNAN, *Judge.*

WEDNESDAY, MARCH 10, 1909.

ACTION to quiet title to a small parcel of land. Defendant claimed an interest in the land as purchaser thereof at sheriff's sale under a judgment in his favor against Belle Reeves, whom he alleged to have been the owner of the property at the date of the recovery of his judgment against her. There was a decree quieting title in defendant against the plaintiff, but allowing plaintiff the right to redeem from defendant's execution sale. Plaintiff appeals.—*Reversed.*

*E. P. Hudson,* for appellant.

*Stewart & Anderson,* for appellee.

McCLAIN, J.—In August, 1905, the tract of land to which this controversy relates belonged to Mrs. Emma E. Domback, and, in pursuance of negotiations through one Davis for the purchase thereof in behalf of Lena B. Reeves, a warranty deed in which said Lena B. Reeves was named as grantee was executed by Mrs. Domback and her husband and delivered to Davis for Mrs. Reeves. For the purpose of raising money with which to pay a portion of the purchase price for the land, the name of Lena B. Reeves as grantee was erased from the deed, and the name Max Lavine was inserted in its place with the knowledge and consent of Lavine and Mrs. Reeves, and the deed was delivered to Lavine, who executed to Mrs. Reeves an instrument in the form of an agreement, signed by both of them, in which Lavine acknowledged the receipt of a warranty deed to the property, and agreed to hold the title thereto in trust for Mrs. Reeves to secure a loan of $250 advanced by him, and to convey the property to Mrs. Reeves on payment of said loan. This contract was by indorsement on the back thereof assigned by Mrs. Reeves to Davis on December 8, 1905, for the purpose of transferring the title of the property to him,

and he at that time paid to Mrs. Reeves an agreed price, part in cash and part in satisfaction of a claim against her in pursuance of an agreement for the purchase of said property by him. Subsequently, and on December 12, 1905, the defendant in this action recovered judgment in a justice court of Polk County against Belle Reeves, a transcript of which was on the same day filed in the district court of said county. Under execution subsequently issued on this judgment the defendant caused the land in controversy to be levied upon as the property of Belle Reeves, and became a purchaser thereof at execution sale. Still later Davis conveyed the land to plaintiff, who asks to have his title quieted as against any claim of defendant under said sheriff's sale.

The theory of the defendant is that, notwithstanding the change of names in the Domback deed, Mrs. Reeves became a holder of the legal title subject only to an equit-able mortgage in favor of Lavine, and that

1. EQUITABLE MORTGAGE: assignment of mortgagor's interest: execution sale. whatever may have been the effect of the assignment to Davis of the written instrument of agreement between her and Lavine as transferring to Davis equitable title to the property, defendant was not chargeable with notice thereof when he became the purchaser at execution sale, and that the rights of Davis and of plaintiff as his grantee are subordinate to the rights of defendant as execution purchaser; but defendant as purchaser at execution sale only acquired the title of Mrs. Reeves, whatever it may have been. At the time defendant's judgment became a general lien upon any property of Mrs. Reeves she had no title to the property subsequently levied upon and sold and continued without title up to the time of the execution sale. The defendant acquired nothing by such sale. *Churchill v. Morse*, 23 Iowa, 229; *Spaan v. Anderson*, 115 Iowa, 121. The deed of the Dombacks reciting Mrs. Reeves as grantee may have been effectual by delivery to

Davis as her agent to transfer the legal title to her, but by the arrangement entered into between her and Lavine the title was apparently vested in the latter as trustee, and this apparent title could not thereafter be questioned by Mrs. Reeves or persons claiming under her, so far as the rights of Lavine holding apparent title in trust for Mrs. Reeves were concerned. In other words, Mrs. Reeves and those claiming under her became bound by the arrangement under which legal title was apparently placed in Lavine, and, however irregular may have been the methods resorted to for giving Lavine the title to hold in trust as security for the money advanced by him, the legal effect was to consummate the arrangement which the parties intended to make. As between the parties a formal deed is not essential to the transfer of title. *Walkley v. Clarke,* 107 Iowa, 451. After this arrangement was perfected, the rights of Mrs. Reeves were evidenced by the written instrument of agreement entered into between her and Lavine, and the assignment of this written instrument by her to Davis with the intent and purpose of transferring to Davis for valuable consideration the remaining interest of Mrs. Reeves in the property, whatever it might be, was effectual to divest Mrs. Reeves of any such interest. After this assignment Davis in effect held the legal title subject to Lavine's equitable mortgage. This was the situation of the parties when the defendant recovered his judgment, and it is apparent therefore that such judgment did not become a lien on this property, for Mrs. Reeves had at that time no interest whatever therein either legal or equitable.

As Mrs. Reeves had neither legal nor equitable interest in the property, apparent or real, when defendant's judgment was filed in the district court, and continued without any interest up to the pretended levy and sale under such judgment, defendant acquired nothing thereby. Defendant is

2. EXECUTION SALES: unrecorded instruments: notice.

in no situation to claim that he is protected by the recording act against the transfer from Mrs. Reeves to Davis by an instrument not recorded. Defendant must have become the purchaser of some apparent or real interest of Mrs. Reeves to be protected against the effect of an unrecorded instrument of which he had no notice. See Code, section 2925.

We have omitted to make any reference to the fact that defendant's judgment was against Belle Reeves, and the Domback deed named Lena B. Reeves as grantee. In the view which we take of the case it is immaterial whether these names designated the same person. We find nothing in the record to prove their identity, and this discrepancy would in itself be sufficient to defeat defendant's claim.

3. Execution sales: discrepancy in names.

Plaintiff was entitled to the relief asked in his petition, and the court erred in entering a decree for the defendant.—*Reversed.*