MARGARET M. LEFEBURE, Guardian, Appellee, v. HENRY LEFEBURE SONS COMPANY, Appellee.

HENRY W. SHANK, Appellant, v. JOHN LEFEBURE et al., Appellees.

**JUDGMENT: Lien—General and Partnership Creditors.** The equity of partnership creditors is superior to the lien of a judgment against an individual partner. (See Book of Anno., Vol. 1, Sec. 11602.)

Headnote 1:  34 C. J. p. 598.

Headnote 1:  15 R. C. L. 804.

*Appeal from Linn District Court.*—F. L. ANDERSON, Judge.

MAY 11, 1926.

REHEARING DENIED DECEMBER 16, 1926.

Henry Lefebure was the owner of a large quantity of land, upon which he was conducting a thoroughbred-stock business. He died in 1917. The appellant, Henry W. Shank, and his son,

William H. Shank, now deceased, for whose estate appellant is executor, held Lefebure's notes. Margaret Lefebure was the widow, and Theodel, Regis, and Emil (who had been associated with Henry in business), were adult children. There were five minors. The widow, Theodel, and Regis were administrators. By an arrangement with the administrators, they (Margaret, Theodel, and Regis) gave Shank their personal notes, in place of the notes of decedent, and no claim was filed against the estate. On June 30, 1919, the widow and the three adult children, Theodel, Regis, and Emil, entered into a copartnership agreement to continue the Henry Lefebure business. This agreement stipulated:

"The capital of the partnership shall consist of the one-third part of the estate of said decedent, now owned by the said Margaret M. Lefebure, surviving wife, and one twelfth each owned by Theodel A. Lefebure, Regis E. Lefebure, and Emil F. Lefebure; and a leasehold of the interests of Charles B. Lefebure, Richard M. Lefebure, Armand L. Lefebure, Henry P. Lefebure, and Mary Margaret  *  *  *  Neither party shall  *  *  *  suffer to be done, anything whereby the capital of the property of the partnership may be attached or taken in execution, and each partner shall punctually pay his separate debts and indemnify the other partners and the capital and property of the partnership against the same  *  *  *  "

The articles required a complete inventory to be made at the time, and also at the end of each year, in order that a full accounting of the interests of the minors should be preserved. They required also an annual accounting of all the capital, etc., and provided for sharing the profits and losses proportionately to contribution to capital. The partnership was to expire in 12 years, at which time the youngest child would become of age. It was provided that the property of the partnership, on termination, should belong to the members in the same proportions as then owned. The minors were to be admitted on attaining majority. The widow, Margaret, was the guardian of the minors. She filed in the guardianship proceedings an application for authority to make the lease to the partnership of the minors' interest, attaching a copy of the articles. Authority was granted accordingly, and the lease of the minors' interest executed. The copy of articles attached to this application, however, appears

to have been removed. The estate was closed July 2, 1919. The final report of the administrators recited the making of the partnership agreement by Margaret, Theodel, Regis, and Emil, under the name of "'Henry Lefebure Sons Company,' owners of an undivided 7/12ths of the real estate and personal property of the decedent, and said copartnership is lessee from the guardian of the minor heirs of said decedent of the remaining undivided 5/12ths interest  *  *  *  " On December 3, 1921, Shank brought suit upon the notes, and recovered judgments January 13, 1922. On December 13, 1921, Margaret, as guardian, filed application for the appointment of a receiver of the partnership; and on the same date, with consent of the partners, defendant receivers were appointed. The case comes here from the denial of Shank's application filed in the receivership proceedings February 28, 1923, for the establishment of his judgments as a lien upon the judgment defendants' interest in the real estate and proceeds in the hands of the receiver.—*Affirmed.*

*Deacon, Sargent, & Spangler*, for appellant.

*Stewart, Penningroth & Holmes* and *Barnes, Chamberlain, Hanzlik & Thompson*, for appellees.

MORLING, J.—Appellant's judgments are against Margaret, Theodel, and Regis individually. As widow and heirs of decedent, they acquired interests in the real property of the estate, amounting to 6/12. The other partner, Emil, acquired 1/12. Appellant's claim is that his judgments are a lien upon the 6/12 interest superior to the rights of the partners and of the partnership receivers and creditors. The only error assigned is to the finding that the title to these interests was vested in the partnership. The argument in support of the assignment of error is that, by practical construction of the articles of copartnership, the partnership acquired only a leasehold interest in the 7/12, as they did in the 5/12; that no one was misled by any misrepresentations by the partners; and that the partnership agreement is not sufficient to operate as a conveyance of the individual interests to the partnership.

The claim of practical construction is based upon the execution of mortgages by the widow and heirs, and upon the

widow's claim and allowance of homestead right, and upon declarations and proceedings appearing from time to time in the receivership proceedings, as follows: An order permitting the issuance of receiver's certificates declared them to be a lien "upon the entire chattel property and leasehold interest belonging to said copartnership, income and earnings thereof, and all of the property rights and interests of said copartnership," etc. On an application filed January 3, 1922 (by whom, not shown), a judgment against Theodel and Regis was, in effect, established as a lien upon their interests, subject to the leasehold. In an application filed November 8, 1922, for authority to accept offers to purchase a part of the lands, the receivers said that they had an offer for one tract belonging to the members comprising the partnership and to the minors, on which the partnership was invested with a leasehold interest; that the offer was based upon the condition that two described notes of the partnership be accepted as part of the purchase price. The court authorized this sale to be made. In an application by the receivers filed December 14, 1922, they are described as acting as receivers of the property of the copartnership, which "comprises the interests of the minor heirs at law of Henry Lefebure, deceased, and certain chattel property and leasehold interests in real estate." In an application filed January 15, 1923, for authority to accept an offer to purchase land, a similar recital is made, and the land is recited as "belonging to the members comprising said partnership and to the minor heirs at law * * * in which said lands said partnership is invested with a leasehold interest." Deeds with covenants were executed by the widow and heirs. On May 7, 1923, the widow, as guardian, filed in the receivership proceedings an application for an accounting, in which the articles of copartnership and the lease were set out. On January 14, 1924, the receivers filed an application setting out that "the alleged interests belonging to said partnership and to the members thereof are as follows,"—specifying the interests and describing the properties, and stating that one piece was impressed with the homestead right of the widow, which had been platted, and that the whole interests of the partnership and the members thereof amounted to a certain number of acres. The application

asked for authority to sell. To this application Shank (though he does not appear to have been served with notice) appeared, and filed objections, setting up his judgments as liens prior to the rights of the creditors of the partnership. The receivers filed an answer to Shank's objections. On the hearing of the receivers' application, Shank did not appear, because he had no knowledge that the hearing was to be then had. The judge told his attorney later that no entry would be made adverse to him. The court granted the receivers' application, and later approved the conveyance. This order provided that liens and claims of creditors of Henry Lefebure Sons Company subsequent to December 13, 1921, were barred; and by amendment to the order, made later, without notice, the liens of creditors of the individual members of the partnership were declared to be barred. Shortly before this amendment was entered, appellant filed an application setting up priority for his judgments, and asking that they be established as a lien upon the real estate, or a prior claim upon the proceeds realized from the sale. It was from the order on this application that this appeal was taken.

I. Judgment liens attach only to such interests as the judgment debtors actually have in the land, and are subject to such equities as may be asserted against the debtors. *Welton v. Tizzard,* 15 Iowa 495; *Parker v. Pierce,* 16 Iowa 227; *Hunter v. Citizens Sav. & Tr. Co.,* 157 Iowa 168; 2 Page on Contracts (1st Ed.), Section 1126; *Township of Zilwaukee v. Saginaw-Bay City R. Co.,* 213 Mich. 61 (181 N. W. 37).

That the partnership agreement did transmit to the partnership some interest in the shares of the partners is not denied. The claim is that the interest taken by the partnership was a leasehold only. The question, therefore, is as to the scope of the partnership articles, rather than as to their efficacy to transmit title. Unless the partnership agreement is not plain and unambiguous, it is not open to construction. *Kimball Bros. Co. v. Palatine Ins. Co.,* 197 Iowa 598; *Rouss v. Creglow,* 103 Iowa 60, 63; *Barnett v. Lovejoy,* 193 Iowa 678; 13 Corpus Juris 546; *Coffeyville Vitrified B. & T. Co. v. Dudley Const. Co.,* 108 Kan. 21 (194 Pac. 316); 13 Corpus Juris 549.

If it be conceded that there is a degree of doubt, still we

think that the meaning of the articles is that the adults contributed to the capital of the partnership their entire interest in the decedent's estate, both real and personal, and that no practical construction to the contrary is shown. It is plainly stated in the articles that the interest of the minors obtained is a leasehold interest. If it had been intended to so limit the interests contributed by the partners, it would naturally have been so declared with equal certainty. The articles state that the capital "shall consist of the one third of the estate of said decedent now owned by said Margaret * * * and one twelfth each owned by Theodel * * * and a leasehold of the interests of the minors * * *." There may have been, and doubtless were, good reasons for the adults' continuing the business with the property of the estate which had formerly been used in the business, and, so far as they could, without attempting to involve the minors' property beyond a leasehold interest. There is no evidence that the partners, while they were conducting the business, construed the contract in any other way than that they were putting their entire interests in the decedent's estate, real and personal, into the business. A leasehold by the adults of their interest in the personal property would have been anomalous. No distinction is made in the agreement, between the realty and the personalty belonging to the estate. The evidence claimed to show practical construction offered, consists merely of more or less sporadic acts and declarations by the members of the partnership, or some of them, and of strangers to it, made after the partnership was defunct, and its business in the hands of the receivers. What occurred in these respects was done without specific reference to the rights of the partners as between each other, or to the rights of the separate classes of creditors. The evidence shows no deliberate, consistent, or uniform interpretation or reason for the conduct of the parties as such an interpretation. It is not shown that Emil, who was not a judgment defendant, or that the partnership creditors, did or intended to do anything that would have the effect of waiving their rights.

The judgment is—*Affirmed.*

DE GRAFF, C. J., and EVANS and STEVENS, JJ., concur.