Leonard Berg, Appellee, v. Charles Shade, Appellant, et al., Appellees.

DESCENT AND DISTRIBUTION: Assignment of Share—Construction.
A written assignment by an heir ''of all interest of every kind and nature'' in the estate works a complete conveyance of the heir's interest in the real estate of the estate, as against a subsequently rendered judgment against the assignor. (See *Funk v. Grulke*, 204 Iowa ——.

Headnote 1: 18 C. J. p. 896.

Headnote 1: 2 R. C. L. 606.

*Appeal from Lyon District Court.*—WILLIAM HUTCHINSON, Judge.

JULY 1, 1927.

Action to quiet title to land, as against the apparent lien of a judgment. There was a decree for the plaintiff, and Charles Shade, the holder of the judgment, appeals.—*Affirmed.*

*Thomas & Myers,* for appellant.

*Warren H. White* and *E. C. Roach,* for appellee.

VERMILION, J.—The facts are not in dispute. It was stipulated on the trial that the appellee was the owner in fee simple of the land involved. The land had belonged to one Foster C. Weatherly, deceased. Frank E. Weatherly was the son and heir of decedent. Appellee acquired his title by conveyance from the widow and heirs of the decedent, except Frank E. Weatherly.

It was also stipulated that Frank E. Weatherly, on February 21, 1921, assigned and transferred to Charles M. Brown all his interest in the estate. The assignment is entitled in the estate, and is as follows:

"The undersigned Frank E. Weatherly in consideration of the sum of twenty-six thousand three hundred fifty-two dollars ($26,352.00) in hand paid by Charles M. Brown of Sac County, Iowa, does hereby assign, set over and transfer unto the said Charles M. Brown, all interest of every kind and nature in said estate and the said Frank E. Weatherly does hereby authorize Merle E. Weatherly or his successor as administrator of the estate to pay over to the said Charles M. Brown all money or property of every kind and description that may be due the said Frank E. Weatherly as one of the heirs at law of the said Foster C. Weatherly, deceased."

This instrument was signed and acknowledged by Frank E. Weatherly, and filed and recorded in the probate records in the clerk's office.

The appellant, Shade, on November 17, 1921, obtained a judgment against Frank E. Weatherly (under the name of Frank Weatherly), a portion of which remains unsatisfied. The lower court quieted appellee's title, as against the apparent lien of the judgment.

It is the contention of the appellant that the assignment to Brown did not transfer the interest of Frank E. Weatherly in the land in question, and that such interest is subject to the lien of the judgment. No question of the rights of Brown is involved. The case does not turn upon any defect or infirmity in appellee's title as against Brown. There is no claim that the appellant is precluded by the terms of the stipulation of fact from questioning the sufficiency of the assignment to transfer the interest of Frank E. Weatherly in the lands left by the deceased. No attack is made on the validity of the instrument. The question in the case is whether Frank E. Weatherly, the judgment debtor, had, at the time the judgment was rendered, any interest in the land left by the deceased to which the lien of the judgment attached; and this turns upon whether the instrument above set out transferred and conveyed to Brown his interest in the real estate left by the deceased.

It is settled doctrine that a judgment is a lien upon such interest only as the debtor has in real estate. *Witmer v. Shreves,* 141 Iowa 496; *Hunter v. Citizens Sav. & Tr. Co.,* 157 Iowa 168; *Chicago G. W. R. Co. v. McCaffery,* 178 Iowa 1147; *Vigars v. Hewins,* 184 Iowa 683.

By the instrument of assignment, Frank E. Weatherly assigned, set over, and transferred to Brown "all interest of every kind and nature" in the estate of his father. That this, as between the parties, was effectual to transfer his interest in the real estate left by the deceased is, we think, clear.

In *Thornton v. Mulquinne,* 12 Iowa 549, the father and heir of a deceased son executed an instrument reading: " ' * * * and also relinquish all my right as heir to the above estate, to and in favor of ' " the widow. This was held, as against the heirs of the one executing it, to pass his entire interest as heir in the real estate of the deceased son. The court, speaking by Justice Wright, said:

"In the absence of fraud, of evidence that the party acted in ignorance of his rights, the nature and extent of the interest

and estate he was thus relinquishing, or some other fact of a like nature, a conveyance should not in equity be held inoperative for want of a specified description of the property, real and personal. If he was conversant of his rights, he could sell by general description.''

''It is not essential that a deed of conveyance should follow any exact or prescribed form of words.'' *American Emigrant Co. v. Clark,* 62 Iowa 182.

''As between the parties, a formal deed is not essential to the transfer of title.'' *Witmer v. Shreves,* supra.

It is argued that, because of the authority given in the instrument to the executor to pay over to Brown all money or property that might be due Frank E. Weatherly, as one of the heirs at law, the instrument should be held to apply only to personalty. It is not questioned that it did cover personal property, and as to that, such authority was proper enough; but that fact affords no ground for saying that by the assignment and transfer of ''all interest of every kind and nature in said estate'' the instrument did not convey also the heir's interest in the real estate. The consideration named in the instrument was $26,352. It appears that Brown received but $100 from the personalty of the estate. This circumstance, to say the least, gives no support to the claim that only the heir's interest in the personal property of the estate was intended to be conveyed.

The judgment debtor had no interest in the land in question to which the lien of the judgment attached. The decree is— *Affirmed.*

All the justices concur.