Richard C. SCHULING, Christopher Alan Schuling and Christy Louise Schuling, Plaintiffs–Appellees,

v.

Anita Ann TILLEY, Defendant–Appellant.

No. 89–753.

Court of Appeals of Iowa.

Feb. 22, 1990.

Joseph M. Bauer, Des Moines, for defendant-appellant.

Nolden Gentry of Brick, Seckington, Bowers, Swartz & Gentry, P.C., Des Moines, for plaintiffs-appellees.

Considered by DONIELSON, P.J., and SACKETT and HABHAB, JJ.

SACKETT, Judge.

Plaintiffs-appellees Richard C. Schuling, Christopher Alan Schuling, and Christy Louise Schuling filed this declaratory judgment action seeking a determination that defendant-appellant Anita Ann Tilley had no interest in a parcel of real estate in Polk County. The parcel had been conveyed by a quitclaim deed given to plaintiffs Christopher and Christy by defendant's former husband, Walter Tilley, and Walter's present wife. The trial court granted plaintiffs' summary judgment on their claim and defendant has appealed.

Defendant has an unpaid child support judgment against her former husband Walter as a result of a 1980 dissolution decree in Polk County. On August 17, 1987, the parcel of Polk County real estate was deeded to Walter and his current wife, Lois. On the same day, Walter and Lois gave the quitclaim deed to plaintiffs Christopher and Christy Schuling.

The petition for declaratory judgment alleged that Walter, in accepting the land and subsequently deeding it away, acted as agent for plaintiff Richard Schuling. On summary judgment, plaintiffs claimed Walter held title to the land only as agent or trustee. Affidavits were filed alleging Walter and Lois purchased the property as Richard's agent or trustee. Richard supplied the total $15,000 used to purchase the parcel, and the land was transferred to Christopher and Christy at Richard's direction.

## I.

■ Defendant claims summary judgment should not have been granted because facts were in dispute. When confronted with a motion for summary judgment, the trial court is required to examine, in a light most favorable to the party opposing the motion, the entire record before it, including the pleadings, admissions, depositions, answers to interrogatories, and affidavits, if any, to determine for itself whether any genuine issue of material fact is generated thereby. *Sparks v. Metalcraft, Inc.*, 408 N.W.2d 347, 350 (Iowa 1987); *Drainage Dist. No. 119, Clay County v. Incorporated City of Spencer*, 268 N.W.2d 493, 499–500 (Iowa 1978).

■ Defendant admits the offer to purchase the parcel was submitted by Richard Schuling as an undisclosed principal and all consideration was paid by Schuling. Lois contends the affidavits are largely correct but they do not show the complete relationship between Walter and Schuling. She supplies no information from which a fact finder could conclude a different relationship existed. Finding no issue on which reasonable minds could differ, and finding no fact contradicting a finding Walter purchased the land with Richard's money or as Richard's agent or trustee, we reject defendant's argument.

■ When a motion for summary judgment is made and supported, the adverse party may not rest on mere allegations or denials, but must set forth specific facts showing a genuine issue for trial. *Colonial Baking Co. v. Dowie*, 330 N.W.2d 279, 282 (Iowa 1983).

## II.

Defendant's second claim is the court should have found she had a valid lien. She directs us to Iowa Code section 624.-23(1) (1989), which states:

Judgments in the appellate or district courts of this state, or in the circuit or district court of the United States within the state, are liens upon the real estate owned by the defendant at the time of such rendition, and also upon all the defendant may subsequently acquire, for the period of ten years from the date of the judgment.

■ To create a judgment lien there must be a final valid and subsisting judgment, rendered by a duly authorized court,

for payment of a defined and certain amount. *Slack v. Mullenix*, 245 Iowa 1180, 1184, 66 N.W.2d 99,101 (1954). We agree with defendant that her judgment creates a lien under the statute. The lien so established is a general lien on all real estate subject to prior liens or equities. *Burns v. Burns*, 233 Iowa 1092, 1096, 11 N.W.2d 461, 463 (1943). The problem defendant has in asserting this position is that the undisputed facts are Walter only held the land as an agent, or trustee, for someone else. Walter had no ownership interest in the land.

 The statute gives a lien only on the debtor's interest in the land. *Stiles v. Bailey*, 205 Iowa 1385, 1388, 219 N.W. 537, 540 (1928); *Berg v. Shade*, 203 Iowa 1352, 1354, 214 N.W. 513, 513 (1927); *Hunter v. Citizens' Sav. & Trust Co.*, 157 Iowa 168, 171, 138 N.W. 475, 477 (1912). The lien attaches only to the judgment debtor's interest. *Thomas v. Kennedy*, 24 Iowa 397, 405 (1868); *Churchill v. Morse*, 23 Iowa 229, 231 (1867); *Patterson v. Linder*, 14 Iowa 414, 416 (1863). The right of a judgment creditor can rise no higher than that of his or her debtor. *Johnson v. Smith*, 210 Iowa 591, 595, 231 N.W. 470, 473 (1930).

Any lien is subject to equities that might be asserted against debtors. *Lefebure v. Henry Lefebure Sons Co.*, 202 Iowa 1053, 1057, 208 N.W. 853, 855 (1926). Absent fraud, a judgment creditor's right to assert an interest in real estate is not greater than that of his or her debtor. *Richardson v. Estle*, 214 Iowa 1007, 1016, 243 N.W. 611, 615 (1932). A judgment creditor is not a purchaser without notice, and his or her lien attaches by operation of law only to the interest the debtor owns.

It is without dispute Walter purchased the land for Richard and deeded it to Christopher and Christy at Richard's direction. Since Walter had no interest in the land, there was no interest to which the lien could attach. The trial court is affirmed.

AFFIRMED.