# IN THE COURT OF APPEALS OF IOWA

No. 16-1651
Filed June 7, 2017


**THIRD FEDERAL SAVINGS & LOAN ASSOCIATION OF CLEVELAND SUCCESSOR BY MERGER TO DEEPGREEN BANK,**
    Plaintiff-Appellee,

**vs.**

**RANDY L. BELTRAMEA, L.L.C., and RANDY L. BELTRAMEA a/k/a RANDY LEE BELTRAMEA,**
    Defendants-Appellants,


KAREN SPENCE; STATE OF IOWA-DEPARTMENT OF REVENUE AND FINANCE; UNITED STATES OF AMERICA-INTERNAL REVENUE SERVICE; CAROL S. BELTRAMEA, N/K/A CAROL S. DICK; JAMES L. COOK; JUNE E. COOK; ESTATE OF JAMES RAY FISHER; JOANNE FISHER; CLARENCE DOWELL COBURN; DOROTHY JARMAN COBURN; DISCOVER BANK; ALAN FISHER; LAURA FISHER; ALAN MAHRER; NANCY MAHRER; JAMES TURBETT; SHELLY A. BELTRAMEA, and PARTIES IN POSSESSION,
    Defendants.
_____


        Appeal from the Iowa District Court for Linn County, Paul D. Miller, Judge.


        Randy Beltramea appeals from the summary judgment rulings and foreclosure decree entered in a mortgage-foreclosure action. **AFFIRMED.**


        Webb L. Wassmer of Wassmer Law Office, P.L.C., Marion, for appellants.

        Tara Z. Hall and Mark D. Walz of Davis, Brown, Koehn, Shors & Roberts, West Des Moines, for appellee.

        Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**DOYLE, Judge.**

Randy Beltramea[1] appeals from the district court's summary judgment rulings and foreclosure decree entered in this mortgage-foreclosure action. He contends he has standing to assert that a child support lien and judgment against him in favor of his ex-wife, Carol Beltramea,[2] are superior to the mortgage interest and mortgage lien held by Third Federal Savings and Loan Association of Cleveland (Third Federal). He requests we reverse the district court's summary judgment rulings and remand with directions to pay the child support lien and judgment out of the proceeds of the foreclosure sale. Concluding that Randy lacks standing to assert Carol's interest in the child support lien, and that the child support lien and judgment are junior to the mortgage lien, we affirm the district court.

**I. Background Facts and Proceedings.** In July 2003, Randy acquired a residential rental property in Cedar Rapids. In October 2003, Deepgreen Bank extended Randy an $80,000 line of credit. Randy executed a home equity line of credit agreement and promissory note, as well as an open-end mortgage. The mortgage was secured by the property. Deepgreen subsequently merged into Third Federal.

By February 2014, Randy was in default on the loan to the tune of $58,000 and change. Third Federal filed a foreclosure petition in July 2014. A flurry of filings ensued, the details of which are not relevant to this appeal.

---

[1] Randy L. Beltramea, L.L.C. was named as one of the original defendants in the action. Later, Randy L. Beltramea a/k/a Randy Lee Beltramea was added as a defendant. His answer states the L.L.C. does not have any rights to the subject property. For convenience sake, we refer to these defendants collectively in the singular.
[2] Carol Beltramea is now known as Carol S. Dick.

In her answer to the foreclosure petition, Carol affirmatively stated that there presently existed outstanding child support judgment liens due and owing against Randy and in favor of Carol. She also stated that "[i]f a decree [of foreclosure] is entered, [she] requests that the decree provide that the proceeds remaining after satisfaction of the amounts due to [Third Federal], if any, be distributed to junior lienholders in accordance with their lawful priority."[3]

Randy answered and affirmatively asserted that Carol had no rights to the property.[4] He later resisted Third Federal's second supplemental motion for summary judgment and filed his own cross-motion for summary judgment. Notwithstanding the affirmative assertion he made in his answer—that Carol had no interest in the property—Randy asserted in his resistance and cross-motion that Carol's child support judgment interests were superior to Third Federal's interest in the property.

Third Federal responded that Randy "is required to recover on the strength of his own title rather than the weakness of [Third Federal]'s claims." It noted Carol had not asserted the claims Randy purported to assert on her behalf and that she had not contested the second supplemental motion for summary judgment.

An unreported hearing was held in August 2015. The district court's ruling was deferred pending a ruling regarding a forfeiture action pending against Randy in the federal district court. In February 2016, the federal district court

---

[3] Carol's counsel later withdrew with Carol's consent. The motion to withdraw indicates Carol would be representing herself. Carol made no further filings in the case.
[4] Randy also asserted the L.L.C. had no interest in the property.

entered an order that demonstrated the property was no longer the subject of the federal forfeiture proceedings.[5]

Third Federal renewed its motion for summary judgment in April 2016. Randy again resisted, and Third Federal responded. An unreported status hearing was held and in September 2016, the district court concluded the following concerning the issues now raised on appeal:

> [Randy] additionally argues that summary judgment against him should be denied because [Carol] has an interest superior to [Third Federal]. [Carol]'s interest in the property arose out of a child support judgment lien pursuant to the decree of dissolution and stipulation entered on July 1, 1997 ("the decree"). The 1997 decree ordered [Randy] to pay child support of $1800 per month. The decree was subsequently modified in 1998, 2004, and again in 2010, to the current $700 per month. A modified support order was entered on November 30, 2010. [Carol]'s answer dated August 15, 2014 states:
>
> > [T]here presently exists [sic] outstanding child support judgment liens due and owing against [Randy] and in favor of [Carol]. . . . [I]f a decree is entered, [Carol] requests that the decree provide that the proceeds remaining after satisfaction of the amount due [Third Federal], if any, be distributed to junior lien holders in accordance with their lawful priority.
>
> "[I]n the ordinary course, a litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties." *Hollingsworth v. Perry*, 133 S. Ct. 2652, 2663 (2013). [Carol] has not asserted the superiority of her child support lien interest over [Third Federal]'s claimed interest. In her answer, she prays that, if a foreclosure decree is entered, the foreclosure decree provide for disbursement of the remaining proceeds to her and other junior lien holders after satisfaction of the amount due [Third Federal]. [Carol] is represented by counsel in this action. In the absence of [Carol]'s assertion of her own claim of superior rights, [Randy] does not have standing to claim [Carol]'s interest on her behalf.
>
> Furthermore, [Third Federal] has met its burden of establishing [its] superior interest over that of [Carol]. "[P]laintiff need not show a title good as against the whole world, but only as against defendant." *Atkin v. Westfall*, 69 N.W.2d 523, 525 (Iowa

---

[5] *United States v. Beltramea*, 160 F.Supp. 3d 1119, 1124 (N.D. Iowa 2016).

1955) *abrogated on other grounds* by *Lowers v. United States*, 663 N.W.2d 408 (Iowa 2003). "[I]t is sufficient that the interest of a plaintiff . . . is superior to that of defendant." *Id.*; s*ee also United States v. State of Oregon*, 295 U.S. 1, 25 (1935) ("It is enough that the interest asserted by the plaintiff . . . is superior to that of those who are parties defendant."). Therefore, the allegation that [Carol] purportedly has a judgment lien senior to [Third Federal]'s right to the property is of no consequence to the disposition of the instant motion for summary judgment and cross-motion for summary judgment. [Randy]'s contentions on this ground must fail.

(Citation to record and footnote omitted.) The court granted Third Federal's renewed motion for summary judgment against Randy and denied Randy's cross-motion for summary judgment. The next day, the court entered a foreclosure decree. Randy appealed.

In November 2016, the property was sold at a sheriff's sale pursuant to the foreclosure decree.[6] Randy moved to escrow the sales proceeds until resolution of the child support lien issue. The motion was denied by the district court.

On appeal, Randy asserts, as the judgment debtor of a child support lien, he has standing to assert the priority of that lien over Third Federal's mortgage, and that the child support lien and judgment are superior to Third Federal's mortgage.

**II. Standard of Review.** We review the district court's grant of summary judgment for correction of errors at law. *See Boelman v. Grinnell Mut. Reins. Co.*, 826 N.W.2d 494, 500 (Iowa 2013). Summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to

---

[6] The foreclosure proceedings were not stayed because Beltramea had not posted a supersedeas bond pursuant to Iowa Rule of Appellate Procedure 6.601.

any material fact and that the moving party is entitled to a judgment as a matter of law." Iowa R. Civ. P. 1.981(3). The court views the summary judgment record in the light most favorable to the party resisting the motion for summary judgment and "indulge[s] in every legitimate inference that the evidence will bear in an effort to ascertain the existence" of a genuine issue of material fact. *Crippen v. City of Cedar Rapids*, 618 N.W.2d 562, 565 (Iowa 2000). If the summary judgment record shows that the "resisting party has no evidence to factually support an outcome determinative element of that party's claim, the moving party will prevail on summary judgment." *Wilson v. Darr*, 553 N.W.2d 579, 582 (Iowa 1996). In addition, summary judgment is correctly granted where the only issue to be decided is what legal consequences follow from otherwise undisputed facts. *See Emmet Cty. State Bank v. Reutter*, 439 N.W.2d 651, 653 (Iowa 1989).

**III. Discussion.** Randy's marriage to Carol was dissolved in July 1997. A stipulation and decree of dissolution obligated Randy to pay Carol child support. The amount of the child support was modified in 1998, 2004, and again in 2010. Randy asserts Carol's interest in the property arose from the 1997 decree and stipulation, as modified in 1998, 2004, and 2010. He contends Carol's interest predated the Third Federal's 2003 mortgage and was thus "superior to Third Federal's interest." Carol stated in her answer that there presently existed outstanding child support judgment liens due and owing by Randy.[7] She asserted no claim that Randy's child support obligation was superior to Third

---

[7] The record before us does not indicate the amounts or dates of accrual of Randy's delinquent child support obligation to Carol, although the November 2010 order modifying the child support obligation indicates "Randy is $13,700 in arrears on child support this calendar year."

Federal's lien, and in fact, she requested that if a foreclosure decree was entered that it "provide that the proceeds remaining after satisfaction of the amounts due to [Third Federal], if any, be distributed to junior lienholders in accordance with their lawful priority."  In responding to Randy's assertions, Third Federal pointed out that Carol had not asserted the claims Randy purported to assert on her behalf, and that she did not contest Third Federal's motion for summary judgment.  Further, we note that Carol did not assign any of her rights in the matter to Randy.

We first review the issue of whether Randy has standing to assert Carol's interest in the property may be superior to Third Federal's interest in the property. The district court held that Randy did not have standing to claim Carol's interest on her behalf.

> In the ordinary course, a litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties.  This fundamental restriction on our authority admits of certain, limited exceptions.  We have recognized the right of litigants to bring actions on behalf of third parties, provided three important criteria are satisfied: The litigant must have suffered an "injury in fact," thus giving him or her a "sufficiently concrete interest" in the outcome of the issue in dispute, the litigant must have a close relation to the third party, and there must exist some hindrance to the third party's ability to protect his or her own interests.

*Powers v. Ohio*, 499 U.S. 400, 410-11 (1991) (internal citations omitted); *see also Iowa Civil Liberties Union v. Critelli*, 244 N.W.2d 564, 567 (Iowa 1976) (applying the principle of jus tertii, which provides that ordinarily, a party lacks standing to raise the rights of third persons).  Randy has made no showing that Carol was hindered in any way from protecting her interests in the litigation.  Not having met the criteria for exception to the general rule, we conclude Randy does

not have standing to assert Carol's interests in the litigation. We affirm the district court's ruling in that regard.

Even if Randy has standing to assert Carol's rights, he has produced no evidence that any lien for his child support arrearages is superior to Third Federal's mortgage lien. Our rules of summary judgment do not permit the nonmovant to rest on conclusory allegations in the pleadings in the face of a properly supported motion for summary judgment. *See* Iowa R. Civ. P. 1.981(5) ("When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials in the pleadings . . . .").

A district court judgment is a lien upon the real estate owned by the defendant at the time of such rendition. *See* Iowa Code § 624.23(1) (2014). But a dissolution decree awarding support does not automatically create a judgment lien for future unpaid installments. *See Slack v. Mullenix,* 66 N.W.2d 99, 101-02 (Iowa 1954). It is not until a delinquency occurs that there is a resulting automatic lien on real estate. *See In re Marriage of Hettinga*, 574 N.W.2d 920, 922-23 (Iowa Ct. App. 1997); *Schuling v. Tilley,* 454 N.W.2d 899, 900-01 (Iowa Ct. App. 1990) (holding unpaid child support judgment will create a lien, citing Iowa Code section 624.23(1)). Each child support installment becomes a final judgment and lien when it becomes due and attaches at that time. *See In re Marriage of Shepard*, 429 N.W.2d 145, 146 (Iowa 1988); *see also* Iowa Code § 624.24 (providing that if the real estate lies in the county where the judgment was entered, "the lien shall attach from the date of such entry of judgment").

The life of each lien is ten years.  *See* Iowa Code § 624.23(1); *Whitters v. Neal*, 603 N.W.2d 622, 624 (Iowa 1999).  So, any delinquent child support liens predating the 2003 mortgage expired by operation of law prior to the filing of the 2014 foreclosure action.  Any delinquent child support liens postdating the 2003 mortgage are junior to the mortgage lien.  *See Schuling*, 454 N.W.2d at 901 (holding unpaid child support judgment lien on real estate is subject to prior liens); *see also* Iowa Code § 654.12A (generally providing that loans and advances made under a prior recorded mortgage will have priority over subsequently recorded or filed liens); *First State Bank v. Kalkwarf*, 495 N.W.2d 708, 713 (Iowa 1993) ("This is true even where the holder of the prior recorded mortgage has actual notice of indebtedness to other creditors under subsequently recorded or filed liens.")[8]; *Jones v. Jones*, 13 Iowa 276, 277 (1862) (stating "the lien of the judgment creditor upon the lands of the debtor is subject to all the equities which exist in favor of third persons at the time of the recovery of such judgment").

Although we are in the dark as to the extent of Randy's delinquent child support obligation and are clueless as to when the delinquencies accrued, we nevertheless conclude that Randy has not and cannot generate a genuine issue of material fact regarding any priority of the child support arrearages over the interests of Third Federal.  The district court held that Third Federal met its

---

[8] The mortgage in question contains the requisite section 654.12A notice.  It states: "NOTICE: THIS MORTGAGE SECURES CREDIT IN THE AMOUNT OF $80,000. LOANS AND ADVANCES UP TO THIS AMOUNT, TOGETHER WITH INTEREST, ARE SENIOR TO INDEBTEDNESS TO OTHER CREDITORS UNDER SUBSEQUENTLY RECORDED OR FILED MORTGAGES AND LIENS."

burden of establishing its superior interest over that of Randy's in the property, and we agree.

For all the foregoing reasons, we affirm the district court's summary judgment rulings and the foreclosure decree.

**AFFIRMED.**