G. W. PHILLIPY, Appellant, v. THE HOMESTEADERS.

Accident Insurance: RECOVERY: PAROL EVIDENCE. Under a benefit certificate providing indemnity for the accidental loss of both eyes no recovery can be had for the loss of one eye only; and where the certificate presents no ambiguity in that respect,

and no fraud or misrepresentation is shown on part of the association, parol proof that it was insured's intention and understanding that he was to have indemnity for the loss of one eye is inadmissible.

*Appeal from Harrison District Court.*—HON. W. R. GREEN, Judge.

THURSDAY, DECEMBER 17, 1908.

ACTION to recover under a certificate of accident insurance in the defendant company. At the conclusion of plaintiff's evidence, the court entered a judgment dismissing the plaintiff's petition, and he appeals.—*Affirmed.*

*Cochran & Egan,* for appellant.

*Frank H. Dewey,* for appellee.

McCLAIN, J.—The certificate on which this action is brought provides for the payment to the plaintiff of not to exceed $1,500 in the event of death, and "for total permanent disability due to accidental, external and violent causes, or for the loss of both arms at or above the wrist articulation, or for the loss of both legs. . . . or for the loss of the sight of both eyes through external or accidental means, one-half of this certificate. This certificate is issued and accepted under the conditions, warranties, provisions and agreements herein, and the benefits provided herein shall be only such as herein specified and in accordance with the articles of incorporation and by-laws as they now exist or as they may be lawfully amended hereafter." It was stipulated at the trial that defendant was a fraternal benefit society organized under the laws of Iowa and that plaintiff was a member of the society at the time of suffering an accidental injury resulting in the loss of one eye, and the sole question with reference to defend-

ant's liability presented to the lower court, and on appeal to this court, is whether the loss of one eye entitles the plaintiff to any recovery under the terms of this certificate.

The language of the certificate is too explicit to admit of any construction which would entitle plaintiff to a benefit for the loss of one eye. "The loss of the sight of both eyes" necessarily excludes as a ground for benefit the loss of one eye only.

The plaintiff was asked as a witness whether at the time the certificate was issued, it was his intention and understanding that he was to have a right to recover in case of the loss of the sight of one eye; but the court, on defendant's objection, refused to allow him to so testify. Plainly this ruling was correct. It would not be permissible to change the terms of the instrument of insurance by showing the intention or understanding of the insured with reference to the meaning of the language used, in the absence of any proof of fraud or misrepresentation. There is no ambiguity in the certificate with respect to the question in controversy, and in such a case proof of intention or understanding of the insured is not admissible. *Peterson v. Modern Brotherhood,* 125 Iowa, 562; *Kelsey v. Continental Casualty Co.,* 131 Iowa, 207; *Congower v. Equitable Mut. L. & E. Ass'n,* 94 Iowa, 499.

The judgment is *affirmed.*