32304. GRIFFIN, next friend, *v.* CAROLINA LIFE INSURANCE CO.

DECIDED FEBRUARY 11, 1949.

*John Henry Poole,* for plaintiff.

*James W. Smith,* for defendant.

FELTON, J. The plaintiff's contention, as we see it, is that the words "shall lose permanently" does not mean a "total loss" of the ability to see, but is to be construed to mean a "partial loss" of eyesight. For authority he cites cases involving the question of "total disability" where an insured is unable to continue to engage in his customary livelihood. In those cases the courts have held that total disability does not necessarily mean "lasting" or "permanent" disability when construed with other provisions of the policy which would bar recovery once he recovers. However, in this case there is no such question involved. There is only one construction to be placed upon the loss of eyesight clause; and that is that the insured must lose *permanently* the sight of both eyes before he is entitled to recover. The word "permanently" standing alone, as in this case, would mean that the loss must be a lasting one. There is no evidence that the insured has permanently lost the sight of both eyes; on the contrary, there is evidence that eyesight in only one eye was lost. Conceding for the sake of argument that the evidence conclusively established the fact that the insured would eventually become totally blind as a result of his injury, the insured would still be precluded from recovering in this action, because his case was prematurely brought, as the condition in the policy had not been fulfilled.

The court did not err in directing a verdict for the defendant.

*Judgment affirmed. Sutton, C. J., and Parker, J., concur.*