### AMERICAN NAT. INS. CO. v. GORE et ux.
### No. 2948.

Court of Civil Appeals of Texas. Eastland.
Sept. 12, 1952.

Dibrell, Dibrell & Greer, Galveston, Joseph A. Chandler, Stephenville, for appellant.

G. H. Williamson, Charles Nordyke, Stephenville, for appellee.

COLLINGS, Justice.

This suit was brought by Elmer T. Gore and wife, Dora E. Gore, against American National Insurance Company for $135. It was alleged by plaintiffs that such sum was due under the terms of an insurance policy issued by the company by reason of the irrecoverable loss of sight of one eye by Mrs. Gore. Upon a trial de novo in the County Court without a jury, judgment was rendered against the insurance company for $135 and for interest at the rate of six percent from July 26, 1949. From such judgment this appeal is brought.

Appellant insurance company, on May 15, 1944, issued a policy of insurance to Mrs. Dora E. Gore in the face amount of $270. The provision of the policy upon which appellees rely to sustain their recovery against the company is as follows:

"Loss of hand, foot or sight. If the insured loses by severance one hand at or above the wrist or one foot at or above the ankle, the Company will make, upon surrender of this policy, and filing of proof while no premium hereon is more than four weeks overdue, payment of one-half the Face Amount of Insurance in force at the date of loss, and will issue a certificate of fully-paid life insurance (without loss of hand, foot or sight benefit and without double and triple Accidental Death benefit) for the Face Amount of Insurance in force at the date of loss. If the insured sustains two such losses at one time, or loses completely and irrecoverably the sight of both eyes at one time, the payment will be increased to the Full Face Amount of Insurance in force at the date of loss and the certificate of fully-paid life insurance will be issued as provided above. Not more than one claim may be made under this clause, and the payment by the Company shall not exceed the Face Amount of Insurance in force at the date of loss: Provided nevertheless that this provision for Loss of Hand, Foot, or Sight benefit shall not apply:

"(1) if, (a) on the date of this policy the Insured is blind in either or both eyes or is without either or both natural hands or feet."

It is stipulated that Mrs. Gore suffered the loss of one eye on July 6, 1948 while the policy in question was in full force and

effect. In the only point presented appellant contends that the court erred in granting appellees judgment in the amount of $135 for the loss of one eye because no provisions of the policy provided for such payment; that the policy provided for benefits only when there was complete and irrecoverable loss of sight in both eyes in which case a payment of $270 was provided. Appellees contend that the portion of the insurance policy above quoted is ambiguous and warrants a construction that will support the judgment of the trial court granting benefits to appellee, Mrs. Gore, for the loss of one eye amounting to one-half of the sum provided in case of the loss of both eyes.

There is no ambiguity in the portion of the insurance policy in question. The policy provides for a payment of one-half the face amount of the policy in force and a fully paid policy of insurance in case of the loss of one hand or one foot but does not cover the loss of one eye. It provided for a payment of the full face amount of the policy and a certificate of fully paid insurance in case of complete and irrecoverable loss of sight of both eyes at one time, but such provision is clear, explicit and unambiguous and does not indicate or imply that the insured shall receive one-half the face amount of the policy upon the loss of sight of one eye.

In the case of Griffin v. Carolina Life Ins. Co., 78 Ga.App. 613, 51 S.E.2d 691, it was held by the Georgia Court of Appeals in passing upon a provision similar to the one here involved that:

"In the trial of an action to recover under an insurance policy which provided for the payment of a certain sum in the event 'the insured lose permanently the sight of both eyes', it was not error for the court to direct a verdict for the insurance company when the uncontradicted evidence showed that there had been a permanent loss of the sight of only one eye."

In the case of Phillipy v. Homesteaders, 140 Iowa 562, 118 N.W. 880, it was said:

"The language of the certificate is too explicit to admit of any construction which would entitle plaintiff to a benefit for the loss of one eye. 'The loss of the sight of both eyes' necessarily excludes as a ground for benefit the loss of one eye only."

The holding in the case of Whitton v. American National Insurance Company, 17 Ga.App. 525, 87 S.E. 827, is to the same effect as the holdings in the above cited cases. In our opinion appellant's point is well taken.

The judgment of the trial court is reversed and rendered in favor of appellant.