## Witten v. Prudential Insurance Company of America

*William Morrow*, for plaintiff.
*Peter C. Paul*, for defendant.

ROSENBERG, S., *J.*, January 14, 1977—This matter arises out of an action in assumpsit instituted by plaintiff on May 24, 1976, to recover one-half of the face amount of the insurance policy of which plaintiff was the beneficiary.

The complaint alleged that Sidney Witten was the holder and beneficiary under a policy of insurance issued by the Prudential Insurance Company of America with a face amount of $3,355. The complaint further alleged that during the policy period plaintiff lost the sight in his left eye (which was later removed by surgery) and impairment of his vision in the right eye.

Defendant filed preliminary objections in the nature of a demurrer, stating the complaint failed to set forth a cause of action, since the injury suffered by plaintiff was clearly not covered by the relevant provisions of this policy.

Although plaintiff admits in the complaint that " . . . the plaintiff has not suffered the entire and irrevocable loss of sight in his right eye" but of his left eye only, and concedes that the relevant portion of the policy states that recovery may be had where "the insured sustains the entire and irrevocable loss of the sight of *both* eyes and lives thereafter for at least 30 days" (emphasis supplied), he asserts the existence of an alleged ambiguity in this paragraph containing the foregoing language. That paragraph reads in part " . . . If the Insured sustains the entire irrevocable loss of the sight of both

eyes and lives thereafter for at least 30 days, or sustains the loss by severance of both hands at or above the wrists or both feet at or above the ankles the Company will pay an amount equal to the face amount. If the insured sustains the loss by severance of one hand at or above the wrist or one foot at or above the ankle, the Company will pay an amount equal to one-half of the face amount."

Plaintiff maintains that although "the paragraph does not explicitly provide for either liability or non-liability in the event of a loss of one eye . . . the implication of such liability is clear. . . . The paragraph in question could have been worded much more clearly. If defendant had wanted its prospective insureds to realize that the loss of one eye was to be treated differently than the loss of either one hand or one foot, the clause dealing with the loss of eyesight should have been placed in a separate paragraph." We do not agree with plaintiff and find little difficulty in understanding the meaning of the policy provision in question, nor do we see any ambiguity therein.

Defendant, in his memorandum in support of his preliminary objections, cited and attached a copy of the opinion in the case of American Nat. Ins. Co. v. Gore, et ux., 251 S.W. 2d 564 (1962). The Gore case involved identical facts, and turned on the same issue: Does an insurance policy which explicitly provides for recovery of benefits for the loss of either both hands or both feet, or of one hand or one foot, provide by implication for the loss of only one eye, although the policy itself speaks to loss of sight in both eyes?

The court stated "there is no ambiguity in the portion of the insurance policy in question. The policy provides for a payment of one-half of the face

amount of the policy in force and a fully paid policy of insurance in case of the loss of one foot but does not cover the loss of one eye. It provided for a payment of the full face amount of the policy . . . in case of complete and irrevocable loss of sight of both eyes at one time, but such provision is clear, explicit and unambiguous and *does not indicate or imply* that the insured shall receive one-half of the face amount of the policy upon the loss of the sight of one eye."* (Emphasis supplied.)

We find the above language wholly applicable to the instant situation. Plaintiff's argument is predicated on conjecture and speculation, and upon an ambiguity which, in our opinion, is nonexistent.

Defendant's preliminary objections in the nature of a demurrer, therefore, were sustained.

---

*See also: Griffin v. Carolina Life Ins. Co., 78 Ga. App. 613, 51 S.E. 2d 691 (1949); Phillipy v. Homesteaders, 140 Iowa 562, 118 N.W. 880 (1908).